Parker C. J.
delivered the opinion of the Court. The ... . . . principal question arising out of the pleadings m this case is, whether the deed set forth on oyer is a bar to the complaint for damages for flowing one part, and for keeping the water from another part, of the land described in the complaint.
The deed of Thorndike, Francis and Sears, after reciting the various acts and doings of the corporation and setting forth a consideration, releases and discharges the corporation from all claims, demands, actions, suits, &c., arising from cutting the canals and ditch, or making the road, dike and cross dam, which are tne causes of the damages complained of in this suit; and this they do jointly and severally, in words as full and effectual as it is possible to make use of to attain the purpose, so that neither the releasors jointly, nor either of them separately, could have any pretence for complaint or action for any injury done, or damages sustained, by the acts now complained of, up to the time of delivery of the release ; and we think it manifest, that it was the intention to release and discharge also any future damages which might accrue, for the tenor of the whole instrument will justify the opinion, that the parties contemplated a permanent and enure *383 adjustment of the claims and controversies which might arise out of the subject matter of the transaction. But technically, a release cannot operate to extinguish or defeat any future rights or claims,[1] and therefore it is necessarj- to examine the succeeding clause in the instrument, in order to ascertain its operation.
The words of that clause are quite as full, and more ex tensive in their operation, than those which had preceded. “We the said Israel, Ebenezer and Bavid do hereby give to said corporation full and entire permission, authority and power to make, finish and complete said cross dam, road, dike and canals, and to keep up and maintain said dam, road and dike, and to keep open and maintain said canals for ever.” This, though technically a license, is in substance and effect a grant, and is'irrevocable in its nature, and carries after it necessarily a relinquishment of any claim of damages for the act which is thus permitted. An executed license cannot be revoked,[2] nor can the party granting it recover any damages for the consequences of it, for volentibus non fit injuria. Cook v. Stearns, 11 Mass. R. 533; Webbe v. Paternoster, 2 Rol. R. 152; Rex v. Earl of Nottingham, Lane, 46; Vin. Abr. License.
It is said however, that this deed operates only upon such land as the grantors held in common, and that as part of the land described in the complaint was then, and is now, held by the complainant in severalty, he shall not be barred from maintaining this process for the damages done to that portion of the premises described. The deed does not describe the grantors as tenants in common, nor is it anywhere therein stated, that the land on which it is to operate is held in common. In the clause which purports to be a release, they expressly speak severally as well as jointly, and although the *384 same language is not held in the license, they undoubtedly meant the same thing ; but without such expression, we think it cleai that it must operate upon their several, as well as their joint interests. The license has not a reference to any particular tract of land, but authorizes the erection of a dam &c., and the keeping it up and maintaining it for ever. This necessarily precludes each party to the deed from claiming any damages consequent upon the act which they have permitted, and it must be taken as their several, as well as their joint license. No authorities have been cited to this point, but the reason seems to be strong ; for it would be absurd that a man, who had joined with others in allowing an act to be done, which might injure his own land as well as that which he had in common, should be allowed to say, “It is true I permitted you to do the act, but I did not intend you should do injury by the act to my land, but only to that which I owned with others.” Suppose the case of three men owning \ mill privilege in common, and one of them owning another privilege below on the same stream, and the three join in a license or grant to stop the water above the first privilege, or to divert it so as to destroy both the privileges,. — can the one of the three who had joined in the deed, complain because the privilege which he held in severalty is destroyed ? Certainly not. The grant in such cases must be taken distributively, so that each grantor should be estopped from claiming any damages occasioned by the act which he had permitted. And by the common law there are instances, where a deed by two or more tenants in common shall be taken to be the several deed of each. As in Co. Lit. 197 a, where it is said, “ that if two tenants in common be, and they grant a rent of 20 shillings per annum out of their land, the grantee shall have two rents of 20 shillings, for that every man’s grant shall be taken most strongly against himself, and therefore they be several grants in law.”
It was suggested in the argument, that the release was intended, and by the terms of it should be construed, to operate only upon flats, properly so called, and not extended to marsh land, or such islets in the flats as might not be covered by water in ordinary tides ; but there is nothing in the deed *385 which requires this restriction, and as it respects the license, the erection of the dam and roads is authorized without regard to consequences. We cannot doubt, however, that the intent of the parties was to give an unlimited operation to the release and license. The deed seems to be drawn with technical skill, and we may presume that the three grantors, with their counsel, were quite competent to defend their rights against any stratagem that might have been attempted to be practised «pan them bv the corporation.

 See Porter v. Philips, Cro. Jac. 623.

 See Putney v. Day, 6 N. Hamp. R. 431; Winter v. Brockwell, 8 East, 308; Liggins v. Inge, 5 Moore & P. 712; St C. 7 Bingh. 682; Taylor v. Waters, 7 Taunt. 374; Barnes v. Barnes, 6 Vermont R. 388; Prince v. Case, 10 Connect. R. 375; 3 Kent’s Comm. (3d ed ) 452; Berick v. Kern, 14 Serg. & Rawle, 267; Bridges v. Blanchard,, 3 Nev. & Man. 691; Hepburn v. M‘Dowell, 17 Serg. & Rawle, 383; Bird, v. Higginson, 4 Nev. & Man. 505; Cocker v. Cowper, 1 Crompt., Mees. & Roscoe, 418.