WILLIAMSTON & TARBORO R. R. CO. vs. WILLIAM S. BATTLE.

1. CASE:—A railway company having a right, by virtue of its charter, to locate its road-bed on a certain portion of the land of B, he proposes by letter that if the company will refrain from such location, it may locate it over another portion of his land, *Provided* it would open, grade and put in order a street on that part in front of his house eighty-five feet wide. The company accept the proposition, locate their road-bed accordingly in December, 1869, but fail to open the street, &c., as late as September, 1871. The company became insolvent before September, 1871, and executed a mortgage of its property. In September, 1871, B. notified the company that unless the condition was performed within 15 days, he should re-possess himself of his land covered by the road-bed. *Held,*

(1.) That the opening, &c., of a street was not a condition precedent to the exercise of the right to locate.

(2.) That the proposition contained in B's letter was not a mere license revocable at will.

(3.) That while at law no easement passed to the company, because an easement in land can be created only under seal, yet, the writing by which the defendant charged himself was binding within the statute of frauds, and would be specifically enforced, and as between the parties and to protect the rights

WILLIAMSTON & TARBORO R. R. Co. v. WILLIAM S. BATTLE.

of the licensee, this Court acting upon the familiar maxim of equity, that what ought to be done is considered as done, would consider that a grant of the easement had been made.

2. A license even under seal (if it be a mere license) is as revocable as one by parol; on the other hand a license by parol, coupled with an interest and founded on a valuable consideration is as irrevocable as if made by deed.

3. The license specified above is of the latter class.

4. The transaction may also be viewed as a contract, entitling either party to a specific performance.

5. The question of eminent domain does not arise, as all that was done was by the consent of B.

6. The insolvency of the company is immaterial, as any purchaser would take subject to all the burdens which were borne by the company.

7. The injury threatened is within the technical meaning of irreparable damage, and the company is entitled to have the injunction continued to the hearing upon the equity confessed in the answer, but it was erroneous to perpetuate the injunction before a final hearing.

This was an appeal from the Superior of Edgecombe County at Fall Term, 1871, His Honor Judge Moore presiding.

The plaintiff, a railway corporation, commenced a civil action and presented an affidavit (sworn complaint) to His Honor, praying for an order of injunction.

This was granted, and at the term aforesaid, a motion was made to His Honor on affidavit to vacate the order.

The plaintiff made a counter-motion to perpetuate the injunction.

His Honor denied the former and granted the latter motion, and the defendant appealed.

The facts necessary to a correct understanting of the points are sufficiently stated in the opinion of the Court.

*Battle & Sons* for the plaintiff.
*Moore & Gatling* for the defendant.

The alleged contract was the appropriation of land in a different place than where the law allowed it, except by the owner's consent; and the compensation agreed on was the performance of specific work for the owner.

2. The owner did not contract to waive his *security* for the compensation. If the road bed had been located by the company in rear of the dwelling, the land or right of way would have vested in the Company, "so soon (and not before) as the compensation may have been paid or tendered." Sec. 18 of charter.

3. Such security is guaranteed by the Constitutions, both of the State and United States. By the Constitution of the State: *R. R. Co.* v. *Davis*, 2, D & B., 451, at pp. 459, 4, 60, 46, 1. By the Constitution of United States : Art. 1, Sec. 10, §1, which forbids the passing of any State law, "impairing the obligation of contracts." Though private rights, acquired by special grant from the State, may be taken for public use "in the exercise of the power of eminent domain," it can only be done by providing for a just compensation. It not so provided the taking would impair contracts. *State* v. *Glenn*, 7 Jones, 321 ; *Fletcher* v. *Peck*, 6 Cr., 128; *Stanmire* v. *Taylor*, 3 Jones, 207 ; *Cornelius* v. *Glenn*, 7 Jones, 512. The defendant held his land under grant from the State, and the State cannot grant it to another without compensation. 2 *Kent's Com.* and notes, 397 to 406, 8 edition. In such cases the Court will enjoin occupation till compensation is made. 2 *Kent's Com.* 399, N. A., *Redfield on Railways*, 147, 8, notes 5.

4. If the defendant had led the plaintiff into occupation and expensive improvements by a promise of gift the Court would enjoin him from entering on the premises without paying for the betterments. *Baker* v. *Carson*, 1 Dev. and Battle Eq., 381. There is no pretence of allurement upon such terms. The plaintiff seeks to hold the land without a conveyance or payment just as if it were absolutely conveyed without compensation.

WILLIAMSTON & TARBORO R. R. CO. *v.* WILLIAM S. BATTLE.

5. The proceeding, in substance, is a special equity application to enforce a contract. It is a demand for performance by the defendant, while the plaintiff not only declines to offer to perform but admits its inability to do so. In other words the plaintiff calls upon the Court to protect its possession of property, which it has entered on by false promises, and boldly asks the Court to sanction the act of injustice, because it is a Railroad Company and insolvent. The Company should have offered to perform its part of the agreement and placed itself within the power of the Court to enforce the performance, before it can have redress by injunction or otherwise. *Lane* v. *Patrick*, 3 Mur., 473 ; *Prater* v. *Miller*, 3 Hawks, 628 ; *Ellis* v. *Ellis*, I Dev. Eq., 398 ; *Falls* v. *Carpenter*, 1 Dev. and Battle Eq., 237; *Oliver* v. *Dix*, 1 D. and B. Eq., 605 ; *Albea* v. *Griffin*, 2 Dev. and Bat. Eq., 9 ; *Deaver* v. *Parker*, 2 Ired. Eq., 40; *McGalliard* v. *Aikins*, ib., 186 ; *Suggs* v. *Stowe*, 5 Jones Eq., 126 ; *Capps* v. *Holt*, ib., 153 ; *Winton* v. *Fort*, ib., 251; *White* v. *Butcher*, 6 Jones Eq., 231.

RODMAN, J. The provisions of the charter of the company are only material so far as they may tend to explain the contract of the parties. The company had a right to condemn land for the use of their road, (yards, gardens, &c., excepted,) and they propose to run their road in the rear of the defendant's house, through his field. He, however, preferred that it should run in front of his house, and finally by his letter of 31st of May, 1869, he proposed to allow the Company to run their road in front of his house, and to leave the question of damages to the Company, if it would open, grade, and put in order a street in front of his house, 85 feet wide, but the doing of this was not made a condition precedent.

It may be remaarked here, that the Company by its complaint, alleges a somewhat different contract from this. If there is really any controversy between the parties, as to the terms of the contract, that can be determined hereafter. It is

not material for the present decision, whether the terms stated in the complaint, are those stated in the defendant's letter of 31st of May, were those agreed on. We may assume therefore without prejudice to any future inquiry, that the terms were substantially to open and grade the street referred to, under the contract, the Company laid down its track without any objection from the defendant, and have continued ever since to use it as a part of their road.

The Company also took some steps towards opening and grading the street, but never performed their contract in this respect, and in fact seem to have ceased work for the purpose, although it alleges in its complaint, that it still contemplated a performance.

On the 23d of Sept. 1871, the defendant notified the Company that unless it should within fifteen days begin to perform its agreement by making the street, &c.. he would consider the agreement rescinded, and would retake possession of that part of the land occupied by the road. The plaintiff thereupon filed their complaint asking for an injunction which was granted. Afterwards the defendant moved to vacate, and the plaintiff to perpetuate it. His Honor granted the last motion, and the defendant appealed.

We think there is no question here as to the power of the State to take property by virtue of its eminent domain, either with or without compensation. All that has been done here was by the consent of the defendant. Neither can there be any question as to the right of both parties to the specific performance of the contract between them. If the plaintiff should bring action for such a purpose, it will be entitled to a grant of the right of way upon a performance of its side of the contract. And if the defendant desires to hasten the company in such performance, he can bring his action in which he will be entitled to have such performance within a reasonable time, or to have the contract rescinded. The insolvency of the Company, and that it has made a mortgage of all its property

are immaterial as to the rights of the defendant. It has but an equity and it can convey nothing more, and whoever takes it, does so subject to the burden of being compelled to do equity before he can enforce it.

It is not a case therefore, in which the defendant is without any relief, in case he cannot have the summary relief he desires and has threatened to take. The only question is, whether he was entitled to that summary relief by rescinding the contract and taking possession of the land, and we think he was not.

The only ground upon which the defendant's claim can be put, is that what passed between him and the company gave it a mere license which he could revoke on its failure to comply with its agreement. The law upon this subject is well settled. In the clear and elaborate judgment of the Court of exchequer in *Wood* v. *Ledbetter*, 13 M. & W. 838, it is thus laid down : "A mere license is revocable, but that which is called a license is often something more than a license ; it often comprises or is connected with a grant, and then the party who has given it, cannot in general revoke it, so as to defeat his grant to which it was incident.

It may further be observed that a license under seal, (provided it be a mere license) is as revocable as a license by parol ; and on the other hand, a license by parol coupled with a grant is as irrevocable as a license by deed, provided only that the grant is of a nature capable of being made by parol. But where there is a license by parol coupled with a parol grant or pretended grant, of something which is incapable of being granted otherwise than by deed, there the license is mere license ; it is not incident to a valid grant, and it is therefore revocable." "The same rule prevails in Courts of Equity with this difference, that whereas the Courts of law require the grant to which the license is incident to be one valid at law ; a Court of Equity only requires that it shall be one that is regarded as a valid grant in that Court. In *Rerick* v. *Koons*,

35

14 Serg. & Rawle 267· (S. C. 2 Am. L. C. 511,) the defendant had licensed the plaintiff to erect a structure on the defendants land, by which a stream of water was diverted to the plaintiff's mill. There was no writing, but the plaintiff had been at expense in erecting the structure. The defendant after-wards attempted to revoke the license and tore down the structure.

The Court held the plaintiff entitled to damages, and say : " It is concluded that a mere license is revocable under all circumstances and at any times. But a license may become an agreement on valuable consideration ; as where the enjoyment of it must necessarily be preceded by the expenditure of money ; and when the grantee has made improvements or invested capital in consequence of it, he has become a purchaser for valuable consideration."

The Court further said the plaintiff was entitled to the performance of the agreement in specie, that is to say, that there was there what a Court of Equity would regard as a valid grant, although a Court of law would not. It mnst be remembered that in Pennsylvania the same Courts administer law and equity, and I suppose in the same forms.

How now is it in the present case? It is clear that the license of the defendant to the company was not a mere license ; it was given for a valuable consideration and was coupled with an interest. It is true that at law no easement passed to the company, for an easement in land can be created only under seal. But the writing by which the defendant charged himself was binding within the statute of frauds ; it was a contract which as has heretofore been said, this Court would specifically enforce. And more than that between the parties and for the purpose of protecting the rights of the license, this Court upon the familiar maxim that what ought to be done will be considered as done, would if necessary, consider that a grant valid to create the easement has been made. We think the license was irrevocable· As the injury threatened comes

within the technical meaning of irreparable damage, the injunction ought to be continued till further order.    The judgment below is modified accordingly.    But this judgment will not prejudioe any rights of the detendant if he shall institute an action for speciffc performance.