————o————

ISAAC BAKER, Respondent, *vs.* THE CHICAGO, ROCK ISLAND & PACIFIC R. R. Co., Appellant.

1. *Railroad—Grant of right of way on conditions—Failure to comply with—Permission to occupy—License, revocation of—Estoppel—Ejectment.*—The owner of certain land consented to its occupation for the construction of a railroad, and executed a conveyance granting right of way over the same, conditioned that the company should, within a given time after its completion, place fences and cattle guards adjoining the grantor's land, as required by law. The deed was delivered to the agent of the company, with the understanding, however, that it was not to be delivered to the company till they complied with its terms. The corporation went forward without objection from the grantor, and completed the road, and made expensive and permanent improvements upon it, but failed to erect the fences and cattle guards. The deed was never delivered to the company, and the grantor brought suit in ejectment. *Held,* that the grantor might have insisted upon the payment of damages, as a condition precedent to building of the road, or upon the erection of fences, etc. in the first instance; but that the conditions named in the grant referred to were subsequent and not precedent; that the entry under the license was lawful; and that, by reason of his conduct in allowing the company to build the road and make the improvements, he was estopped from afterward treating his permission as a nullity, and maintaining ejectment.

The remedies of the grantor in such cases are ample. He may sue for specific performance, or for damages, or build fences and cattle guards and compel the company to pay for them.

2. *License, revocation of—Power coupled with an interest, etc.*—A license is an authority or power, and marked with the incidents that usually accompany powers, among which is the right of revocation at any time, at the will or pleasure of the person creating the power or granting the license. But this doctrine ceases to apply when the power is coupled with an interest, or is necessary to the possession or enjoyment of a right or title arising from the act or contract of the person who creates the power.

| 57 | 265 |
| 33a | 179 |
| 57 | 265 |
| 41a | 135 |
| 57 | 265 |
| 103 | 311 |
| 57 | 265 |
| 111 | 396 |
| 57 | 265 |
| 113 | 566 |
| 116 | 117 |
| 117 | 431 |
| 54a | 326 |
| 57 | 265 |
| 56a | 71 |
| 57 | 265 |
| 125 | 656 |
| 57 | 265 |
| 127 | 303 |
| 57 | 265 |
| 165 | 217 |
| 57 | 265 |
| 168 | 1 97 |
| 57 | 265 |
| 99a | 2 12 |

*Appeal from Clinton Circuit Court.*

*J H Shanklin and M. A. Low,* for Appellant.

I. The conditions in the agreement were conditions subsequent and not conditions precedent. Respondent cannot now, after he has permitted the company to expend large sums of money thereon, recover the land with the improvements, because the company failed to fully perform the conditions of the contract. He can have the contract specifically performed, or may recover damages for the non-performance of it, or he may pursue the remedy the statute gives—build the fence, gates and crossings and recover the cost of the company. (Williamston & Tarboro R. R. Co. vs. Battle, 66 N. C., 540; McAuley vs. Western Vermont R. R. Co., 33 Vt., 311; Hornback vs. Cincinnati, &c., R. R. Co., 20 Ohio St., 81; Wilson vs. Chalfant, 15 Ohio, 248; Knapp vs. McAuley, 39 Vt. 275; Austin vs. Rutland R. R. Co., 45 Vt., 215; Boston, &c. R. R. Co. vs. Potter, 42 Vt., 265; Noyes vs. Chapin, 6 Wend., 461; Pusey vs. Wright, 31 Penn. St., 387; Ricker vs. Kelly, 1 Greenl., 117; Rerick vs. Koons, 14 C. & R., 267; Lefevre vs. Lefevre, 4 Serg., & R., 241; Taylor vs. Waters, 7 Taunt., 374; Blaisdell vs. Railroad, 51 N. H., 483; Erie vs. Delaware, &c., 6 C. E. Green, 283; Goodin vs. Cincinnati, &c. R. R. Co., 18 Ohio, St., 169; B. & O. R. R. Co. vs. Strauss, 37 Md. 237; Illingworth vs. Manchester, &c. R. R. Co., 2 Eng. Railw. Cas., 136 [*187]; Greenhalgh vs. Manchester, &c. R. R. Co., 3 Myl. & Cr., [Eng. Ch.] 784; Winter vs. Brockwell, 8 East., 308; Herm. Estop., 528; Clavering vs. Thomas, 6 Ves., 689.)

II. A parol license, executed, frequently amounts to a grant, and is irrevocable. The expenditure of money or labor by one man on the land of another, under a license given by the owner, will estop the owner from revoking the license and wresting the possession of the land from the licensee. A license thus executed gives an absolute right, and the licensor will be estopped from revoking it to the injury of the licensee. A license by parol is as irrevocable as a license by

deed; in either case the license may be revoked before it is executed, but not after. (Winter vs. Brockwell, 8 East., 308; People vs. Goodwin, 5 N. Y., 568; Huff vs. McAuley, 53 Penn. Stat., 206; Rhodes vs. Otis, 33 Ala., 578; Dyer vs. Connall, 4 Penn., 353; Bridge Co. vs. Bragg, 11 N. H., 702; Liggins vs. Judge, 7 Bing., 682; Woodbury vs. Parshley, 7 N. H., 237; Addison vs. Hack, 2 Gill, 221; Big. Estop., 527; Herm. Estop., 437, § 439.)

III. Where one acquiesces in the occupation of his land for the construction of a railroad, without pre-payment of the land damages, upon an understanding or contract for the future payment by the company, and the road is constructed and put in operation, he cannot afterwards, on failure to obtain payment, maintain ejectment for the land. (McAuley vs. Western, &c. R. R. Co., 33 Vt. 311; B. & O. R. R. Co. vs. Strauss, 37 Md., 237; Hornback vs. Cincinnati, &c. R. R. Co., 20 Ohio St., 81; Williamston, &c. R. R. Co., vs. Battle, 66 N. C., 540; Kerr Inj., 348; Parrott vs. Palmer, 3 M. & K., 632; Duke of Devonshire vs. Elgin, 14 Beav., 530; Duke of Beaufort vs. Patrick, 17 Beav., 60; White vs. Wakley, 26 Beav., 20; Kerr Fraud and Mis., 127–135; Oliver vs. King, 8 D. M. and G., 118; High Inj., 231, § 417; Elmslie vs. Delaware, &c., 4 Whart., 424; Delaware, &c. vs. Raritan, &c., 1 McCart., 445; Torrey vs. Camden, &c., 3 C. E. Green, 293; Goodin vs. Cincinnati, &c. R. R. Co., 18 Ohio, St. 169.)

*Porter & Turner and Thomas E. Turney*, for Respondent.

I. Plaintiff has done nothing to mislead the company to their prejudice, and they enter and construct their road under no misapprehension of their rights. They can claim nothing then by way of estoppel. (Bales vs. Perry, 51 Mo., 449.)

II. A vendee in possession under a contract of purchase, to successfully resist an action of ejectment by the vendor, must show a compliance on his part with the terms and conditions of his contract. (Gibbs vs. Sullen, 48 Mo., 237; Pierce vs. Tuttle, 53 Barb., 135.)

III. A right of easement, such as is claimed by defendant, can only be created by deed.   (Fuhr vs. Dean, 26 Mo., 116.)

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment to recover possession of a strip of land composing a portion of the right of way of the Chicago and Southwestern Railway Company, on which the track is located and built, and the trains now running.

The defendant answered, interposing a general denial ; and for a further answer and defense, stated, that during the years 1870 and 1871 the Chicago & Southwestern Railway Company, a corporation duly incorporated and organized under and by virtue of the laws of the State of Missouri, located and constructed said road, from the city of Washington, in the State of Iowa, to the city of Leavenworth, in the State of Kansas, which said Railroad ran through and across the land described in the petition ; that after said railroad had been located across said land, and before the construction thereof had been commenced by said last named company, plaintiff, for the purpose of aiding in the construction of said railroad, made, executed and delivered to said last named company a deed of conveyance, granting to the company the real estate to be held and used by them for the purpose of constructing and maintaining their said road thereon ; and that said Chicago & Southwestern Railway Company, on or about the first day of October, 1870, entered upon said land and constructed their said railroad over and across the same, with the knowledge, consent and license of plaintiff ; and continued from that time to occupy and use said land for the purpose aforesaid, until about the 9th of October, 1871, when they leased and demised all of their said railroad and the lands appurtenant thereto, including the lands described in the petition, to the defendants ; that at the time of said leasing, said Chicago and Southwestern Railway Company were in the possesion of said strip of land, by the acquiescence, leave, license, and consent of plaintiff, as well as by right of said grant to them ; and that being so in the possession thereof, they de-

livered the possession to the defendants, who have ever since continued to occupy and use the same with said railroad; that ever since said 9th day of October, 1871, defendants have been running and still are running and operating said railroad, and are running passenger and freight trains daily, etc.

To this answer the plaintiff filed a replication, and the cause was submitted to the court without the intervention of a jury.

The evidence showed that the plaintiff lived near the railroad when it was being built; that he made no objection to their building the same on his land, and that he proposed giving them the right of way if they would fence the road and make cattle guards and crossings within thirty days after the completion of the same. It was also shown that the plaintiff executed a relinquishment of the right of way to the land in controversy, conditioned that the company should comply with the law in regard to fencing, cattle guards and farm crossings, and delivered the same to the agent of the company, upon the condition, however, that it was not to be delivered to the company till they complied with its terms. The relinquishment was never delivered by the agent to the company, they having failed to erect the fences and cattle guards.

Upon the case, as thus made, the defendants asked the court to declare the law as follows:

1st. "If the court finds that plaintiff acquiesced in the occupation of his land for the construction of the Chicago & Southwestern Railroad, without pre-payment of his land damages, upon an understanding or contract with the Chicago & Southwestern Railway Company, that in thirty days after the completion of their road over plaintiff's land, they would fence their road where it runs through plaintiff's land, and put in cattle guards and farm crossings, in compliance with the requirements of the general railroad law of the State, and that the road is completed and in operation, even though the court finds that the road has not been fenced where it runs through plaintiff's land, he cannot recover."

2d. "If the court finds that plaintiff consented to the occupation of the land in controversy, for the construction of said railroad, and executed a conveyance of the right of way over the same, to the Chicago & Southwestern Railroad Company, conditioned that said company should, in thirty days after the completion of said road over said land, fence said road where it runs through plaintiff's land, and put in cattle guards and farm crossings in compliance with the requirements of the general railroad law of this State, which said conveyance was placed in the hands of John W. McMichael, to be delivered to said company, if its conditions should be complied with, even though the court finds that said company has not fenced said road as by the terms of said conveyance they were required to do, the court must find for defendants."

The court refused to declare the law as prayed for by defendants, and then gave judgment for plaintiffs; whereupon the defendants bring the case here by appeal.

It is admitted that the defendants have not complied with the conditions upon which the plaintiff authorized them to enter upon his land and build their road; and the only question is, whether he can treat his permission as a nullity and recover the premises in ejectment.

In a case in North Carolina, entirely similar to this, where a party proposed to a railroad company that he would give them the right of way to locate their road over a certain portion of his land, provided they would open, grade and put in order a street on the part in front of his house, the road was built, but the company failed to comply with the condition as to opening the street. The party afterwards notified the company that unless the condition was performed within fifteen days, he should re-possess himself of the land covered by the road-bed. The company then applied for an injunction to restrain him from carrying out his threatened purpose of re-possessing himself of his land, and the court sustained it, holding that the opening of the street was not a condition precedent to the exercise of the right to locate. In the opinion, the judge who delivered the judgment of the court, re-

marks : " All that was done here was done by the consent of the defendant. Neither can there be any question as to the right of both parties to the specific performance of the contract between them. If the plaintiff should bring an action for such a purpose, it will be entitled to a grant of the right of way upon a performance of its side of the contract; and, if the defendant desires to hasten the company in such performance he can bring his action in which he will be entitled to have such performance within a reasonable time, or to have the contract rescinded." (Williamston & Tarboro R. R. Co. vs. Battle, 66 N. C., 540.)

In the case of McAuley vs. Western Vermont Railway, (33 Vt., 311) it was decided that payment of land damages was a condition precedent to the acquiring of title by a railroad company of lands taken for their road; but where an owner acquiesced in the occupation of his land for the construction of a railroad without pre-payment of the land damages, upon an understanding or contract for future payment by the company, and the road was constructed and put in operation, he could not afterward, on failure to obtain payment, maintain ejectment or trespass for the land.

To the same effect is the case of Hornback vs. The Cincinnati & Zanesville Railway Co., (20 Ohio St., 81) and Earl of Jersey vs. Button Ferry Dock Co., (L. R., 7 Eq., 409). Indeed we have been unable, after diligent research, to find any authority supporting the action of the plaintiff on the facts as developed in his case.

When plaintiff permitted the company to go on his land and construct their road-bed, it amounted to a license to them to do that work. The only condition was that they should make fences and put in cattle guards in a certain time after the road was completed. This was a condition subsequent and not a condition precedent. The entry under the license was lawful, and under such circumstances, after the expenditure of large sums of money by defendants, and making a costly structure, can the plaintiff, at his mere option and will, revoke the license and maintain ejectment ?

In Rerick vs. Kern, (14 Serg. & Rawle, 267) the defendant had licensed the plaintiff to erect a structure on the defendant's land, by which a stream of water was diverted to the plaintiff's mill. There was no writing; but the plaintiff had been at expense in erecting the structure. The defendant afterwards attempted to revoke the license and tore down the structure. The court, speaking through Gibson, Ch. J., held the plaintiff entitled to damages, and says: "It is concluded that 'a mere license is revocable under all circumstances and at any time; but a license may become an agreement on valuable consideration, as where the enjoyment of it must necessarily be preceded by the expenditure of money; and, when the grantee has made improvements or invested capital in consequence of it, he has become a purchaser for valuable consideration."

In this court, in the case of Fuhr vs. Dean, (26 Mo., 116)· the principle is thus laid down: "A mere license may exist by parol, and ordinarily is not assignable, and is revocable unless it has been executed and the party has incurred expense on the faith of it, so that he would be injured by the revocation. (3 Kent, 452; Pierpont vs. Bernard, 2 Seld., 279; Wood vs. Leadbetter, 13 Mees & Wels., 883.) * * * * * * A license cannot be countermanded after it has been executed, so as to permit acts done under it to be treated as trespasses; and although sometimes it may not be easy to ascertain the point of time at which a parol license may be revoked, when it is no longer executory and the licensee has expended money on the faith of it, and is in the enjoyment of the privilege connected with it, yet there must be a time at which it is revocable; otherwise it would create a permanent interest at law. It may be, however, that when acts have been performed upon the faith of a license, the party giving it may be equitably estopped from revoking it to the injury of the other party; but the estoppel will be limited by the injury it is invoked to prevent."

A license is an authority or power, and marked with the incidents that usually accompany powers. Among these may

be mentioned the right of revocation at any time, at the will or pleasure of the person creating the power, or granting the license ; but the doctrine that a power may be recalled at the pleasure or discretion of the donor, ceases to apply when the power is coupled with an interest, or is necessary to the possession or enjoyment of a right or title, arising from the act or contract of the person who creates the power.

Messrs. Hare & Wallace, after a most thorough and exhaustive review of the cases bearing upon this subject, deduce the following conclusion : "From the cases which have been cited, we may deduce two things, one, that a license will be a full justification for the acts done under it, even when they consist in the exercise of an authority or privilege on land, and would, if repeated under an indefeasible right, be in effect an estate or easement; the other, that a license cannot be revoked or withdrawn, so long as it is essential to the possession or enjoyment of a vested right or interest, which has been created by the licensor, or placed with his assent, in a situation where the continuance of the license is essential to its enjoyment. These inferences obviously result from the general rule, that no one can recall a promise or declaration, made with a view to influence the course of another after he acted upon it, and thus place himself in a position where he must necessarily suffer it to be withdrawn. An equitable estoppel arises under these circumstances, to prevent the legal title from being used as a means of injustice." (2 Am. Lead. Cas., 5 Ed. 568 ; 2 Smith's Lead. Cas., 6 Am. Ed., 761.)

In the present case the defendant entered upon the land of the plaintiff with his consent and license, and made valuable, costly and permanent improvements. There was an agreement to relinquish the right of way on condition that the company should comply with the law in regard to fencing and making cattle guards in a certain time after the road should be completed. This condition was not to be performed till after the road was finished and all the expenditures made. It would now be an act of great injustice to allow plaintiff to use his legal title in the manner contemplated by this suit.

He had the right to annex whatever condition he pleased upon his grant. He could have insisted upon the payment of damages before the company acquired any right to proceed with their work upon the land, or that they should have erected the fences in the first instance; but when he gave them leave and license to do what they did, in consideration of their performing a subsequent condition, he cannot now bring ejectment and oust them from the possession. The interest was created by the licensor, and its enjoyment cannot be revoked in this way. The remedies for the plaintiff are adequate and ample. He may bring his bill for specific performance, he may recover damages, or he may proceed to build the fences, cattle guards and crossings, and compel the company to pay therefor.

The court below erred in its rulings, and the judgment should be reversed and the cause remanded; the other judges concur, except Judge Sherwood, who is absent.

———o———

ISAAC B. BAKER, Respondent, *vs.* CHICAGO, ROCK ISLAND & PACIFIC RAILROAD Co., Appellant.

1. See *ante* p. 265.

*Appeal from Clinton Circuit Court.*

*J. H. Shanklin & M. A. Low*, for Appellant.

*Porter & Turner and Thos. E. Turney*, for Respondent.