## SHANNON v. TIMM.

1. RIGHT OF WAY, CONVEYANCE OF.

B. was the owner of three twenty-five foot lots, numbers 14, 15 and 16, of a certain block, lot 16 being on the corner, 15 next adjacent, and 14 next to that. He conveyed to T. 100 feet off the front end of lot 14, by deed, which was duly recorded, containing this provision: "It is expressly agreed by the parties hereto, and as a part of the consideration hereof, that the said party of the first part agrees to open and use as a private alley the following described strip or parcel of land [describing a ten foot strip extending from the street across said three lots immediately in the rear of the front 100 feet thereof], said strip of land to be used as a private alley so long as party of second part, her heirs and assigns, shall require the same for such purpose. The title of said ten foot strip of land to remain in the party of the first part." *Held*, nothing further by the parties was required to be done to vest in the grantee a right of way over and along said strip of land; and, further, that B. could only sell the naked title thereto subject to the easement.

2. ESTOPPEL..

The estoppel *in pais* alleged against the appellee is not supported by the evidence.

*Appeal from the District Court of Arapahoe County.*

ON THE 4th day of January, 1883, John Bumann was the owner in fee of lots 14, 15 and 16, in block 5, in Case & Ebert's addition to the city of Denver, situate at the north-westerly corner of Blake and 28th streets. Each of these lots is 25 feet in width by 125 feet in depth, fronting on Blake street, lot 16 being at the corner of the block, 15 next adjacent thereto, and lot 14 next to that.

Being then the owner, Bumann conveyed by warranty deed to Mary Timm, the plaintiff in this case, 100 feet off the front end of lot 14; and in the deed of conveyance, which was duly recorded, there was this provision : " It is expressly agreed by the parties hereto, and as a part of the consideration hereof, that the said party of the first part agrees to open and use as a private alley the following described strip or parcel of land." Here follows the description, which embraces a strip of land in the shape of a right angled parallelogram ten feet in width on 28th street, and extending from the line of said street a distance of 75 feet across and immediately adjoining, and at the rear of, the front 100 feet of said three lots. Then comes the following : " Said strip of land to be used as a private alley so long as party of second part, her heirs and assigns, shall require the same for such purpose. The title of said ten-foot strip of land to remain in the party of the first part."

Subsequently Bumann conveyed lots 15 and 16, together with other properties, by quitclaim deed to one Henry Taub-bessing, and thereafter the same property was conveyed by Taubbessing to Mrs. Bumann, the wife of the original grantor, and both of the deeds were placed upon record.

While Mrs. Bumann was the owner of this property, she borrowed of the plaintiff the sum of $2,000, giving a trust deed on lots 15 and 16, so conveyed to her, to secure the

payment of said note.  Afterwards, and in the month of January, 1886, the trustee named in the deed of trust, at the request of the plaintiff (default having been made in the payment of said note), after due notice, sold the property embraced in the trust deed to satisfy the note, and in pursuance thereof executed and delivered to defendant Shannon a trustee's deed, he being the highest bidder, conveying to him the property described in the deed of trust.  Neither in the quitclaim deed from Bumann to Taubbessing, nor from the latter to Mrs. Bumann, nor in the deed of trust, nor in the trustee's deed, was there any mention of, or reference to, this alleyway.

But before the defendant purchased these lots at the sale under the trust deed, he negotiated for their purchase direct from Mrs. Bumann, who was the legal owner, subject to the incumbrance of this trust deed, and had proceeded so far as to pay her the sum of $100 on the purchase price.  Apparently before that time he did not know that the premises were subject to the lien of the trust deed, and when he discovered the existence of the same he applied to the plaintiff, and, upon advice of counsel, an arrangement was made between plaintiff, defendant, and Mrs. Bumann whereby the property should be advertised for sale under this deed of trust, and be bid in by defendant for the sum of $1,725, which, though less than the then existing incumbrance, appeared to be satisfactory to the parties concerned.

It also appears from the evidence, as found by the trial court, that the defendant Shannon, at the time he was negotiating with Mrs. Bumann for the purchase of lots 15 and 16, was informed by her that the plaintiff had a right of way over the rear end thereof, and it further appears that Mrs. Timm herself informed the defendant, both before and at the time he bid in this property, of her ownership of this right of way.  Besides this, there was, of course, the constructive notice furnished by the record of plaintiff's deed from Bumann.

Lots 15 and 16 remained uninclosed until after the same

were purchased by the defendant, and until a short time before this action was begun. While the lots were uninclosed, the plaintiff had access to the rear end of her lot by driving over lots 15 and 16 in any manner she saw fit. She constantly, and uninterruptedly, used the alleyway, although the line thereof was not distinctly marked out on the ground, for some time before the commencement of this suit, and until a deep ditch in 28th street, running along the block to the south of these lots, washed out by the running of water from the city ditch, prevented plaintiff's crossing over upon the designated alleyway in the rear of lots 15 and 16, and thus going to the rear end of lot 14, her property ; and this accounts for the conceded fact that, after the ditch was there, she drove over and used as a passageway any parts of lots 15 and 16 that were convenient.

Soon after the defendant bought these premises he fenced the whole of lots 15 and 16, thus preventing ingress and egress by this alley to and from the rear end of lot 14. This suit is brought for the purpose of compelling the defendant to take down the fences and open the alley, and to enjoin him from further obstructing the same.

The court below found the issues of fact in favor of the plaintiff, and entered a decree ordering the fences taken down, and enjoining the defendant from further interference with plaintiff's right of way. From this decree the defendant brings the case here upon an appeal.

Messrs. SULLIVAN & MAY, for appellant.

Messrs. BUFORD & GRIFFITH, for appellee.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

This controversy may best be presented by considering the defenses interposed by the defendant, which are, *first*, that the words contained in the deed from Bumann to the plaintiff in relation to the right of way do not amount to a grant *in præsenti*, but at most are only a covenant to execute

a deed for the right of way at some future time, and that for this reason the plaintiff's only remedy is by an action at law against her grantor for damages for failing to execute his agreement; *second*, if this is not true, that the appellee is estopped by reason of silently standing by at the trustee's sale made at her instance and request, and not informing the plaintiff of the claim which she now asserts.

Under the facts of this case we are relieved of the necessity of determining whether or not this right of way is a continuous or discontinuous easement, whether apparent or nonapparent, and so whether or not the defendant who holds the servient estate took charged, or not charged, with notice of the existence of the easement as depending upon the nature of the same. Nor do we think that the proposition advanced by defendant, that there was no grant of this easement in the deed of Bumann to the plaintiff, has any weight.

The law endeavors to give effect to the intention of the parties, whenever that can be done consistently with rational construction; and, if necessary to that end, an agreement to convey may sometimes be held to be equivalent to a grant. Here the proposed alleyway was designated by a clear and unambiguous description in the deed itself. The grantor reserved to himself the naked legal title of the ground over which the right of way was to be enjoyed, which was to be used " so long as the grantee, her heirs and assigns, should require the same for such purpose."

Nothing further by the parties to this instrument was required to be done to give to the grantee the rights which she had purchased, and for which she had paid the consideration. This language in itself is sufficient to pass to the grantee this private way. *Stetson v. Curtis*, 119 Mass. 266; *Williamston, etc., R. R. Co. v. Battle*, 66 N. C. 540–546; *Smith v. Worn*, 93 Cal. 206; *Parker et al. v. Nightingale et al.*, 6 Allen (Mass.), 341.

But suppose it was not. Certainly there appeared on record an agreement for the conveyance of a private way, to compel specific performance of which contract an action lies

both against the grantor, Bumann, and his remote grantee, the defendant, who is charged with notice of the recorded deed.

The estoppel *in pais* urged here does not arise for various reasons. The defendant well knew from the plaintiff's recorded deed that an attempt, at least, had been made to create the easement of a private alley for her benefit upon the land which he proposed to buy; and when he negotiated with Mrs. Bumann she told him that plaintiff's rights in this alley must be respected if he purchased lots 15 and 16, and the plaintiff herself informed defendant, both before, and at the time, he bid in the property at public sale, and before he parted with his money, that she owned this right of way, and intended to use the same.

Under our statutes (Mills' An. Stats., sec. 446), by plaintiff's recorded deed the defendant had constructive notice of her rights, and, besides this, he was in apt time informed by persons from whom such information should be acted upon and observed by a proposed purchaser, that the plaintiff claimed rights in the land which he proposed to buy. It is true that neither the deed of trust nor the trust deed contains any exception or reservation of this alleyway, but in the plaintiff's deed there was a grant of this alleyway,—at least, as defendant concedes, an agreement to convey,—and as it provided, also, that the legal title to the ground was reserved to the grantor Bumann, the latter could convey, and his grantees take, only the naked legal title, subject to the easement. It'is evident that such was the understanding of the defendant, and that he was aware that by his deed he could take, as against the plaintiff, only this naked legal title.

But if this were not so, still the plaintiff is not estopped to assert her claim to this easement by anything that occurred at, or before, the sale under the trust deed.

In *Griffith v. Wright*, 6 Colo. 248, and *Patterson v. Hitchcock*, 3 Colo. 533, it was held that essential elements of estoppel by conduct are, *inter alia*, that there must be a

concealment of a material fact; that the person from whom it was concealed must have been ignorant of the truth of the matter; and must have been induced to act because of such concealment. It is evident that not one of these three elements is present in this case, for, as has been said, the defendant well knew, both constructively and actually, that the plaintiff claimed to own and to exercise her right to use a private alleyway over and across the lands which the defendant proposed to buy. No concealment by her was practiced upon him; no silence was maintained when it was her duty to act. On the contrary, at least twice, as was found by the trial court, she informed him of her rights.

This contention that the defendant, by reason of the silence of the plaintiff, was induced to part with his money, and take his deed ignorant of the claim which she asserts in this action, is entirely without foundation. The price which he paid for the land which he bought was only what, willingly and with full knowledge of the plaintiff's record rights and her own assertion in relation thereto, he bargained to pay before the mutual arrangement was entered into for going through the mere formality of advertising the property for sale under the trust deed.

The decree was right, and should be affirmed, and it is so ordered.

*Affirmed.*