[No. 7084.]

Brinker et al. v. Malloy et al.

1. Deed—*Delivery*—Whether a deed is delivered depends upon the intention of the parties to the transaction, to be gathered from their conduct, and the surrounding circumstances.

2. ——*Unrecorded*—*Notice*—One who assumes to purchase land to which, as he has notice, the one holding apparent title by the record has made a conveyance, is affected by such conveyance, though it is not of record.

*Appeal from Morgan District Court.*—Hon. H. P. Burke, Judge.

Messrs. DOUD & FOWLER, for appellants.

Mr. L. C. STEPHENSON and Messrs. ALLEN & WEBSTER, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellees, plaintiffs below, brought suit against appellants to quiet title to an interest in lands in Morgan county. The judgment was in favor of the plaintiffs, from which the defendants have appealed.

Thomas D. Malloy, who lived at Yuma, Arizona, for himself and as attorney in fact for his sister, Mrs. Harris, executed a deed for the interest in the real estate in controversy, conveying it to Patrick J. Malloy, and deposited it in escrow with the State Bank, at Hillrose, with instructions to deliver on or before a specified date, on payment of a sum named, with the reservation that the grantors retained the right to withdraw the deed at any time before the deal contemplated was consummated. The deed, because of irregularities, was not satisfactory, and another was executed and deposited with the bank under practically the same instructions, except that the cashier was directed that he might deliver to the grantee, without the payment of the purchase price, but at the risk of the bank, in which event the grantors would wait a reasonable time for the purchase money; that is, if the bank delivered the deeds without the money being paid within the time fixed by the instructions, it was to be responsible to the grantors for the purchase price, which should be paid to them within a reasonable time. Pursuant to these instructions, the cashier handed the deeds to Patrick J. Malloy, taking his note for four thousand dollars, which was the amount of the purchase price. It appears that the bank neglected to notify Malloy at Yuma of this transaction. Shortly afterward the defendant, Brinker, acting for himself and his co-defendant, Joslin, offered Malloy at Yuma fifteen hundred dollars for his interest, which the latter accepted by wire. He then wrote the bank that the

Patrick J. Malloy escrow was withdrawn, and that the deeds were not to be delivered, and that new deeds were to be sent for Brinker, which were to be delivered to Joslin upon the payment of the sum agreed upon. The cashier of the bank then wired Patrick J. Malloy that his escrow was cancelled, and ordered him to return the deeds, which he refused to do. It appears that a deed, conveying the property to Brinker or Joslin, or both of them, was deposited with the bank. Brinker tendered the agreed purchase price to the bank, and demanded the deed, which was refused. At the time of these transactions, the deeds to Patrick J. Malloy had not been recorded. Some time after the demand of Brinker, he and Joslin commenced a suit for a specific performance against Thomas D. Malloy and the cashier of the bank, and filed a *lis pendens* for record in the county where the land is situate. There are some other transactions and facts connected with the matter, which we do not deem it necessary to consider, as they do not affect the rights of the parties.

The first point urged on behalf of appellants is, that the court erred in holding that the handing of the deeds by the bank to Patrick J. Malloy was a delivery; and second, that the court erred in holding that the delivery of these deeds could not be attacked by the appellants under the pleadings, for the reason that when the gantor of a deed does not attack the validity of its delivery, it can not be so attacked by other persons for him. In connection with these two alleged errors, it is also urged that the court erred in excluding testimony which would have tended to prove that the deeds were not, in fact, delivered by the bank to the grantee, Malloy. These three propositions can be considered together.

We think the testimony indisputably establishes an intention on the part of the bank to make an absolute delivery of the deeds to the grantee, Malloy, for the purpose of conveying title, and accepted by the grantee for that purpose. The bank had instructions from the grantor to deliver the deeds, provided it became responsible to him for the purchase price.

It saw fit to act on these instructions, and assumed responsibility by taking the grantee's note. Had there not been a delivery with intent to pass title, there would not have been any occasion for the bank to require an obligation for the purchase price, nor would the grantee, unless he thus acquired title, have assumed the obligation he did. The very essence of the delivery of a deed is the intention of the parties, which is to be gathered from their conduct and all the surrounding circumstances. The testimony which it is said was excluded was not competent or material on the subject of delivery, for the reason, as stated, that it appears the deeds were, in fact, delivered unconditionally, and in pursuance of instructions from the grantor. If the court was wrong in holding that the delivery of the deeds could not be attacked by the defendants under the pleadings, for the reason assigned, it can not affect the case on review when it appears, as it does, that there was an actual unconditional delivery of these conveyances.

These deeds were not recorded until after the suit for specific performance was commenced, and the *lis pendens* filed. For this reason it is asserted on behalf of appellants, that they are not bound by these conveyances. We think it appears, without question, that Brinker, who was acting for himself and Joslin, had actual notice of the existence of these conveyances prior to the time when he opened negotiations with Malloy at Yuma for the purchase of his interest in the property. Such being the case, the fact that they were not of record cuts no figure. Sec. 694 Rev. Stats., 1908.

The judgment of the district court is affirmed.

*Judgment Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE BAILEY concur.