480 P.2d 862 (1970)
Iona Joan KINDSFATER, formerly Iona Joan Brockway, Plaintiff in Error,
v.
Elmer G. MECHALKE and Elsie R. Mechalke, Defendants in Error.
No. 70-354. (Supreme Court No. 23493.)
Colorado Court of Appeals, Div. I.
December 1, 1970.
Rehearing Denied December 22, 1970.
Certiorari Denied February 22, 1971.
*863 Gene E. Fischer, Elery Wilmarth, Fort Collins, for plaintiff in error.
M. E. H. Smith, Greeley, for defendants in error.
Not Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under the authority vested in the Supreme Court.
The parties will be referred to as they appeared in the trial court, wherein plaintiff in error was the defendant and the defendants in error were the plaintiffs.
Plaintiffs brought the action to quiet title to certain real property. The following facts were admitted by the pleadings.
On April 23, 1964, plaintiffs conveyed the property in question by warranty deed to the defendant's former husband, Donald Brockway, and the deed was recorded on the same date.
On June 18, 1964, Brockway conveyed the property by warranty deed to himself and the defendant in joint tenancy, and on the same date Brockway and the defendant executed a deed of trust on the property for the use of Columbia Savings and Loan Association to secure a note in the amount of $21,000. Both the joint tenancy deed and the deed of trust were recorded on June 19, 1964.
On August 17, 1964, a warranty deed from Brockway to the plaintiffs covering the same property was recorded.
On February 2, 1965, Brockway died. Shortly before his death, he and the defendant were divorced.
Plaintiffs and several other witnesses testified at trial that the deed from Brockway to the plaintiffs was executed and delivered on April 23, 1964, i. e., the same date that plaintiffs' deed to Brockway was delivered and recorded, and that the purpose of the two conveyances was to enable Brockway to obtain a loan on the property in order to construct a building which Brockway would then lease from the plaintiffs in connection with a business called A to Z Rental Co.
The defendant testified that she knew nothing about the April 23, 1964, transaction between her former husband and the plaintiffs.
The trial court found "that on April 23, 1964, said property was conveyed by the plaintiffs to Donald Ross Brockway by warranty deed * * * and at the same time said Donald Ross Brockway conveyed said property back to the plaintiffs and delivered the deed to the plaintiffs, and that by reason of said deed, Donald Ross Brockway divested himself of title to said property and the subsequent conveyance to himself and the defendant was null and void."
The trial court further found "that the defendant knew and had knowledge of the fact that the property had been reconveyed by her former husband, now deceased, to *864 the plaintiffs prior to making any claim to said property as is set forth in her answer."
The defendant contends that the trial court made no specific finding and there was no evidence in the record that the defendant had notice prior to June 18, 1964, of the conveyance from her former husband to the plaintiffs; and that under the provisions of our recording act, C.R.S.1963, 118-6-9, plaintiffs' deed which was not recorded until August 17, 1964, was invalid as to her.
The defendant testified that she and her husband entered into a partnership in connection with the A to Z Rental Co., in March of 1964. Clearly the transaction of April 23, 1964, between plaintiffs and Brockway related to partnership business since it concerned obtaining a building for the A to Z Rental Co. Information acquired by a partner while transacting business relating to the partnership is constructive notice to the other partners of such information. Brinker v. Malloy, 53 Colo. 186, 125 P. 507; 40 Am.Jur. Partnership § 150. Therefore, the knowledge of Brockway concerning this transaction is imputable to the plaintiff. Under the express provisions of our recording act, C.R.S.1963, 118-6-9, prior, unrecorded instruments are invalid only as to persons who had no notice of their terms. Consequently, the plaintiff can claim no benefit by virtue of that statute. Her imputed notice was sufficient to deny her the statute's protection. See Brinker v. Malloy, supra, and Shannon v. Timm, 22 Colo. 167, 43 P. 1021.
The defendant also contends that the trial court erred in failing to find that plaintiffs' action was barred by laches. The essential question to be determined under the doctrine of laches is whether, through lapse of time, the success of plaintiffs' cause would constitute an injustice to the defendant. Hunt v. Pick, 10 Cir., 240 F.2d 782. The complaint in the instant case was filed in March 1967, which was a delay of some two years from the time the defendant refused to acknowledge plaintiffs' title to the property in question. The defendant, however, during this time knew that plaintiffs claimed title to the property and was aware that during part of that time plaintiffs were attempting to resolve any possible claim she might have by securing a voluntary quitclaim deed from her. It is our opinion that under the circumstances of this case the two-year delay did not constitute laches as a matter of law, and that the trial court's rejection of the laches argument should be sustained. Sears v. Hicklin, 13 Colo. 143, 21 P. 1022.
Last, defendant contends that there was no intent on the part of Brockway to transfer title to the property back to the plaintiffs on April 23, 1964. This was a factual question which was resolved by the trial court in favor of the plaintiffs and is binding on this court unless clearly erroneous. Ellis, Inc. v. Ellis, 115 Colo. 12, 168 P.2d 549. The record supports the trial court's conclusion on this point.
Judgment is affirmed.
DWYER and PIERCE, JJ., concur.