JAMES STEWART, Respondent, v. HENRY O. GOODRICH, Appellant.

May 25, 1880.

1. Where the petition alleges a contract as the cause of action, and the answer is a general denial, it is competent to show that the contract was conditional, and that the condition was not fulfilled.

2. Where evidence is admitted without objection, as if competent under a general denial, or as if specially pleaded, proper instructions based upon the issues thus tried are improperly refused.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Reversed and remanded.*

HARRIS & JOY, for the appellant: The evidence was properly admitted under the pleadings, and the instructions based thereon should have been given. — *Corby* v. *Weddle*, 57 Mo. 452; *Schermerhorn* v. *Van Allen*, 18 Barb. 29; *Greenway* v. *James*, 34 Mo. 327.

J. M. & C. H. KRUM and W. B. DOUGLAS, for the respondent: Under a general denial, only such questions of fact can be tried as are raised by the contradiction of the material allegations of the plaintiff's petition.— *Northrup* v. *Insurance Co.*, 47 Mo. 435; *Benedict* v. *Seymour*, 6 How. Pr. 298. It is no error for a trial court to refuse instructions not based upon issues made by the pleadings.—*Moffat* v. *Conklin*, 35 Mo. 453; *Budd* v. *Hoffheimer*, 52 Mo. 297; *Parker* v. *Marquis*, 62 Mo. 38, 42.

Bakewell, J., delivered the opinion of the court.

The petition alleges that plaintiff is an architect, and that at the request of defendant he prepared designs and specifications for ten houses, the reasonable value of which services was $350. The answer is a general denial. On the trial, plaintiff introduced evidence tending to prove the allegations of the petition, and defendant introduced evidence tending to show that the agreement between plaintiff and defendant was, that the plaintiff was to be paid a percentage on the cost of erecting the houses, if they were built; that it was understood at the time that the houses might not be built; that in case the houses were not built, defendant was to pay nothing for the plans and specifications; and that owing to circumstances detailed in the evidence, defendant abandoned his design of building, and the houses were not put up. Defendant asked an instruction to the effect that if the jury believed from the evidence that plaintiff agreed with defendant that he would make the plans and specifications, and require no compensation therefor unless the houses were built, and that the houses were never built, then they should find for defendant. This instruction was refused. There was a verdict and judgment for plaintiff.

Respondent contends that the evidence as to the agreement that there should be no charge if the houses were not built should have been specially pleaded; and that it was not competent under the general denial. The defence set up, however, is not the determination by subsequent occurrences of a once subsisting cause of action; but it is denied that any cause of action ever came into being under the terms of the agreement as set forth by their evidence. The defence was not new matter, and need not be specially pleaded, but was properly introduced, we think, under a general denial. The allegation of the petition is that defendant made a certain contract; defendant does not admit this. He denies it, and endeavors to make good his denial by showing that the contract made was different in terms

from that set up in the petition. An answer setting up new matter should confess and avoid ; but defendant in the present case does not confess and avoid, but denies the contract on which the contract is founded. Where, to prove a negative the defendant has to prove something else, that something else is merely a means of proving the negative. The facts introduced in evidence under defendant's plea were not new matter, constituting a defence, but tended directly to disprove the allegations of the petition. *Green-way* v. *James*, 34 Mo. 328 ; *Cavender* v. *Waddingham*, 2 Mo. App. 556 ; *Albers* v. *Bank*, *ante*, p. 59.

But were the rule of pleading otherwise, the evidence of defendant was admitted on the trial without objection, as if competent under a general denial, or as if specially pleaded. This being so, an instruction based upon the issue made upon the trial by the conduct of the parties should not have been refused. The case had in fact been tried as if the contest was whether or no, under the agreement, plaintiff was or was not to be paid, irrespective of the fact that the houses never were put up ; and the instruction should have been given, under the circumstances, even if the trial court held the defence not to have been sufficiently pleaded, since there was no question of surprise. If plaintiff desired to save the point he should have objected to the evidence, and defendant, if his plea was defective, might have been allowed to amend in terms. The question of pleading was clearly waived by this failure to object to the evidence, and defendant had a right to have the case put to the jury on the theory on which, by consent of plaintiff, it had been tried ; that is, on the theory that the defence was not new matter, and was sufficiently set up by a general denial.

If the trial court, against objection, improperly admitted evidence of a special defence not pleaded, or if defendant had insisted upon the introduction of such evidence against plaintiff's objection, without asking leave to amend his answer, a different case would be presented. As we have

seen, the evidence was admitted without objection; and if an amendment of the pleading was necessary to make this testimony competent, the cause was tried as if that amendment had been made, and defendant should not be prejudiced by the fact that this was not actually done.

For the refusal of the instruction set out above, as asked, the judgment must be reversed and the cause remanded. Judge HAYDEN concurs; Judge LEWIS is absent.