JOHN CARPENTER, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RY. CO., Appellant.

St. Louis Court of Appeals, February 9, 1886.

1. RAILROADS—DOUBLE DAMAGES—FENCES — STATUTES — CUMULATIVE PROVISIONS.—The statutory provisions subjecting railroads to the payment of double damages for injuries caused by stock breaking over the fence from the railroad's right of way into adjacent fields, and authorizing adjacent land owners to repair the fence at the cost of the railroad company are cumulative.

2. —— APPELLATE PRACTICE—PRESUMPTIONS.—Although the jury's finding in such a case is in excess of the amount claimed, an appellate court will not presume that the jury intended to find double damages, where the record recites that the verdict is supported by the evidence, and where the jury are limited by the instructions to single damages.

APPEAL from the Wayne County Circuit Court, JOHN N. WEAR, Judge.

*Affirmed.*

GEORGE H. BENTON, for the appellant.

No brief for the respondent.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff instituted this action before a justice of the peace to recover double the damages caused to him by the destruction of his corn, through hogs breaking into his field from the defendant's right of way, owing to an insufficient fencing of the way.

The action was brought under the statute (Rev. Stat. sect. 809), which, among other things, makes the corporation liable in double the amount of all damages caused by reason of horses, cattle, mules, or other animals escaping from, or coming upon said land, fields, or other enclosures, occasioned in either case by the failure to construct, and maintain the fences, and cattle guards provided for in the statute.

The statement filed before the justice was sufficient in form, averred the damages actually suffered as amounting to forty dollars, and claimed judgment for eighty dollars.

Upon the trial in the circuit court, the plaintiff offered testimony tending to establish the facts alleged in his petition.

The defendant offered to prove the following facts in substance: That the plaintiff knew of the bad condition of the railroad fence along his field. That a suit had been instituted by him, and was now pending, for similar dam-

ages sued for in this petition, and occurring previously to the time alleged in his petition. That he knew of the negligence of the company, and that he planted his crop with knowledge of all these facts.

The court excluded this proof, and, we think, properly. The statute gives to the adjacent field owner a right to repair the company's fences and cattle-guards, when they are insufficient to keep the stock from his fields, and to charge the cost of such repairs to the company. The right thus given is, however, a mere cumulative remedy. There is nothing in the statute to indicate that he is bound to do so, or, that upon his failure to do so, he forfeits his right to proceed, under other parts of the law, for a recovery of damages. The instructions asked by the defendant, on the theory that this excluded proof constituted a defence, were incorrect, even as abstract propositions of law.

On the close of the testimony, the court gave to the jury the following instruction :

" The court instructs the jury, that if they find from the evidence in this cause, that defendant's railroad runs along and adjoining plaintiff's enclosed field in Williams township, Wayne county, Missouri, and that defendant has failed to maintain and keep in good repair, a fence along the sides of its railroad, where the same joins said field, and that on account of said failure of defendant to maintain and keep in good repair said fence, hogs did, between the first day of August, 1884, and the twenty-fifth day of December, 1884, go into said field and destroy corn, belonging to the plaintiff, in said field, then the jury shall find for said plaintiff, and assess the value of said corn that the jury are satisfied, from the evidence, was so destroyed."

To the giving of this instruction, the defendant at the time excepted.

Upon this instruction, the jury found the following verdict :

" We, the jury, find the issues for the plaintiff, and assess his damages at the sum of sixty-five dollars."

The plaintiff thereupon remitted from said verdict the sum of twenty-five dollars, and, on his motion, judgment was given for double the balance, to-wit, eighty dollars.

The defendant thereupon moved, in arrest of judgment, and now complains that the court erred in refusing to sustain his motion, because the general verdict of the jury can not sustain a judgment for double damages. The case of *Wood v. Railroad* (58 Mo. 109), is relied on in support of this position, but has no bearing on the case.

It will be seen that the court, in this instance, did not instruct the jury to find double damages, but simply instructed them to assess the value of said corn. It is true, it should have instructed them to find the value of the corn, not exceeding the damages claimed in the plaintiff's statement; but this omission did not prejudice the defendant, as the plaintiff at once remitted the excess in the finding.

There is nothing in the record to indicate that the jury intended to find, or did find, double damages. As the record recites that the plaintiff's testimony tended to establish the facts alleged in his petition, we must presume that the jury obeyed the instructions of the court, and found the value of the corn destroyed, in their verdict.

The judgment is affirmed.    All the judges concur.