J. H. CHRISTOPHER, Respondent, v. THOMAS E. WHITE, Appellant.

Kansas City Court of Appeals, December 1, 1890.

1. **Appellate Practice:** ABSTRACT : PEREMPTORY INSTRUCTION. When the complaint made to the action of the trial court is that the evidence did not justify a peremptory instruction, the testimony should be set out in full in the abstract.

2. **Verdict:** CORRECTING BY CHANGE "DEFENDANT" TO "PLAINTIFF." Where, under a peremptory instruction to find for the plaintiff, the jury return a verdict for defendant for two hundred dollars, it is not error to order "plaintiff" inserted for "defendant."

*Appeal from the Johnson Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

Christopher v. White.

AFFIRMED.

*J. M. Crutchfield*, for appellant.

(1) The question to be determined by this court is as to whether there was any issue of fact involved in the trial below. Appellant claims that there was, and that the court below erred in instructing the jury to find for plaintiff. (2) The court erred when the jury brought in their verdict, by ordering the verdict to be changed from a verdict in favor of defendant to a verdict in favor of plaintiff. The court might, perhaps, have refused to receive the verdict if it did not conform to the instructions, and sent the jury back to deliberate, and given additional instructions, if necessary, or any informality in the verdict might, perhaps, have been rectified, but the court had no right to receive the verdict and then change it into a different verdict.

*O. L. Houts*, for respondent.

(1) Defendant's own testimony left no fact at issue for the jury to decide. (2) The court committed no error in directing the jury to correct the verdict, because it was the only one they could render under the evidence and the law, besides the error corrected was merely a clerical one. If it was error to make the correction, appellant cannot take advantage of the error in this court, because he failed to allege this as error in his motion for new trial. (3) This judgment should be affirmed, if for no other reason, on account of the failure of appellant to comply with rule 15 of this court. Appellant's abstract of the evidence is wholly insufficient. Especially so since the lower court directed, at the close of all the evidence, a verdict for plaintiff. This court cannot decide that under all the evidence this direction was erroneous without having all the evidence before it.

ELLISON, J.—This is an action for rent alleged to be due plaintiff on a lease executed by him to defendant. The circuit court gave a peremptory instruction that the jury should find for plaintiff, and defendant appeals.

When the complaint made to the action of the trial court is that the evidence did not justify a peremptory instruction, or, in other words, that the testimony was sufficiently contradictory as to justify its submission to the jury, it is quite apparent that such testimony should be set out in full in the appellant's abstract, so that we may be enabled to pass upon the justness of the complaint. This court and the supreme court have frequently so ruled. Here, appellant's version of the evidence is set out, and not the whole evidence itself, and so we will assume the court acted properly on the instruction, as we have no proper means of saying to the contrary. We may remark, however, that, from what does appear in the abstract, it would seem that the court's action was justifiable from the defendant's testimony in his own behalf.

II. When the jury returned their verdict under the instruction of the court, it read as a finding of two hundred dollars for the defendant, instead of plaintiff. The trial court thereupon ordered them to change it to read "plaintiff," which they did. We think no error was committed in this respect. The verdict under instruction should have been for plaintiff; and, in the absence of any protest or objection from the jury to the change, we will assume what was unquestionably the fact, that the word "defendant" was inadvertently written in the verdict when "plaintiff" was meant.

The judgment is affirmed. All concur.