HARRY BUTTLES, Respondent, v. THE CHICAGO, SANTA
FE AND CALIFORNIA RAILWAY COMPANY,
Appellant.

St. Louis Court of Appeals, January 13, 1891

1. **Railroads**: INJURIES RESULTING FROM FAILURE TO FENCE. The
right given by a land-owner to repair or build fences and cattle-
guards at the expense of the railway company is a cumulative
right. He is not bound to avail himself of it, and, if he does not
do so, the company's liability for its failure to erect fences is not
lessened thereby.

2. Measure of Damages for Injury to Growing Grass Dis-
tinguished From Ordinary Rule of Damages for Injury
to a Growing Crop. In an action for damages for the destruc-
tion of growing grass through the incursions of stock, *held* that
the damages could be established by evidence tending to show how
many cattle could be grazed upon the land during the period of
time in question, and what such pasturage was reasonably worth.
The rule of damages in such case distinguished from that in the
case of the wrongful destruction of growing crops, wherein a
deduction for future cultivation and the cost of gathering the crop
would be necessary.

*Appeal from the Scotland Circuit Court.*—HON. BEN.
E. TURNER, Judge.

AFFIRMED.

*Gardiner Lathrop, Smoot & Pettingill* and *S. W.
Moore*, for appellant.

*E. Scofield* and *McKee & Jayne*, for respondent.

BIGGS, J.—Plaintiff brings his action under section
2611 of the Revised Statutes, 1889, to recover damages
occasioned to the grass growing on land in his posses-
sion by the incursions of stock. It was alleged that the
plaintiff was the lessee of a farm in Scotland county;

that defendant's road was located and operated through the farm ; that the defendant neglected to build fences along its right of way, where it passed through the land, as required by the statute ; and that, by reason of such failure, cattle and other animals came upon the land, and destroyed and damaged plaintiff's grass growing thereon by eating and tramping it, by which the plaintiff was damaged in the sum of $250. The defendant's answer was a general denial. The jury returned a verdict for $235 in the plaintiff's favor, which the court on his motion doubled, and judgment was rendered for $470. The defendant has appealed the case, and assigned for errors : *First.* That there is no legal evidence upon which to found the verdict; *second*, that the plaintiff did nothing to protect his crops; *third*, the petition states two distinct and separate causes of action, and there was only one finding by the jury.

No instructions are preserved in the record except one in the nature of a demurrer to the plaintiff's evidence. The court refused to give it, and it is upon this that the defendant's first assignment is predicated.

The question presented by the second assignment has been decided adversely to the defendant by this court in the case of *Carpenter v. Railroad*, 20 Mo. App. 644. It was there decided that the right given by the statute to a land-owner to repair or build fences and cattle-guards at the expense of the railroad company is merely a cumulative right. He is not bound to avail himself of it, and, if he fails to do so, he in no way forfeits his right to recover, under other sections of the statute, full damages growing out of a failure by the railroad company to fence.

There is no merit in the last assignment for the reason, that it is quite clear that but one cause of action is stated in the petition. There is something said about the plaintiff losing the use of his pasture, but it was

connected with and referred to the allegation, that the plaintiff's growing grass had been eaten and tramped down by stock coming upon his premises through the defendant's right of way.

By the first assignment the position is now taken by the defendant's counsel, that there was no evidence bearing on the true measure of damages. We presume that the question was raised or covered by the defendant's demurrer to the evidence, but the objection, in fairness to the trial court, ought to have been made to the introduction of the plaintiff's evidence. The plaintiff sought to prove the value of his grass by showing what the pasture was reasonably worth from the time when such grass could be profitably grazed in the spring, until about the middle of June, when the defendant built its fences. The law aims at compensation, and we can conceive of no other way that would be more satisfactory or fair. In explanation of the value placed on the pasture for the time, the witnesses stated how many head of cattle could be grazed on the land during the time, and what it was worth per month. If the damage had been done to a crop of growing corn, then the authorities relied on by the defendant would be applicable. It was held in those cases that the landowner ought not to recover the full value of a growing crop of corn or like crops, as if it was fully matured and gathered ; that, at arriving at its true value at the time of its destruction, the cost of additional cultivation (if any was needed ), and the expense of gathering and fitting for market, should be considered. This would be equitable and right. But anyone with the slightest knowledge on the subject knows that such a rule is entirely inapplicable, when the court is seeking to ascertain the correct value of grasses intended for grazing purposes. The method adopted by the court is the only one.

The judgment in this case will have to be affirmed. All the judges concurring, it is so ordered.