J. D. COBB, Respondent, v. THE KANSAS CITY, FORT SCOTT AND MEMPHIS RAILROAD COMPANY, Appellant.

### St. Louis Court of Appeals, January 13, 1891.

Railroads: KILLING OF STOCK. It is no defense to an action against a railway company for the killing of stock owing to the failure of the company to fence its road, that, at the time of the injury complained of, the road had not been in operation for three months; the statutory obligation of the company to fence begins at least as soon as cars are run over the road.

*Appeal from the Howell Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*B. F. Olden*, for appellant.

*Orchard & Winningham*, for respondent.

ROMBAUER, P. J.—The plaintiff filed a statement before a justice, alleging that his horse came upon the defendant's track and was killed by the defendant's engine and cars at a point in Howell township, Howell

county, where the defendant's railroad ran through the inclosed fields of one Galloway. The statement further charged that the horse was in said fields by the permission, consent and direction of said Galloway, and came upon the track owing to the defendant's failure to fence its road at a point where it was required to do so by law.

The justice, before whom the cause was tried, describes himself in the transcript and certificate sent to the circuit court as a justice of the peace in and for Howell township. There was judgment for plaintiff in the circuit court, and the only errors complained of by the appealing defendant are, that there is no evidence that the justice had jurisdiction of the cause, nor that the railroad had been in operation more than three months before the date of the injury.

The first complaint as above shown is refuted by the record (*Kinion v. Railroad*, 39 Mo. App. 382,) and the second is not legally available. A railroad's obligation to fence begins at least as early as it runs cars' upon its road, and not three months thereafter as the defendant assumes. *Silver v. Railroad*, 78 Mo. 528; *Comings v. Railroad*, 48 Mo. 512. The adjoining owner has a right to fence under the statute after the lapse of three months, if the railroad fails to do so; but such right is cumulative, and does not deprive him of his right of action under other provisions of section 2611. *Carpenter v. Railroad*, 20 Mo. App. 644.

As every point raised on this appeal has been decided adversely to appellant by former decisions of the supreme court and this court, the plaintiff's motion that the judgment should be affirmed with damages is well taken.

Judgment affirmed with ten per cent. damages. All the judges concur.