MARGARET SHERIDAN *et al.*, Appellants, v. ATCHISON, TOPEKA AND SANTA FE RAILROAD COMPANY, Respondent.

St. Louis Court of Appeals, January 16, 1894.

1. **Railroads:** SUCCESSION TO LIABILITIES OF ANOTHER ROAD. The mere fact, that one railway company operates a road constructed by another, does not establish the assumption by the former of an obligation incurred by the latter in the construction of such road.

2. ———: FARM CROSSINGS. A railway company is bound, under section 2611 of the Revised Statutes, to construct a crossing where its road runs through a farm.

3. ———: REMEDY FOR FAILURE OF COMPANY TO CONSTRUCT REQUISITE FARM CROSSING. If the railroad company fails to construct such farm crossing in accordance with that statute, the owner of the farm is not restricted to the statutory remedy but may maintain an action for damages.

4. **Practice, Appellate:** MATTER OF RECORD. The action of a trial court in sustaining a demurrer to one of several counts of a petition in not matter of exception, and is therefore presented for review on appeal by the record proper.

*Appeal from the Knox Circuit Court.*—HON. BEN E. TURNER, Judge.

REVERSED AND REMANDED.

*O. D. Jones* for appellants.

*Gardiner Lathrop*, *L. F. Cottey* and *S. W. Moore* for respondent.

BIGGS, J.—The plaintiff's petition contains two counts. In the first count it is alleged that the plaintiff Margaret Sheridan is now, and has been since January, 1887, the owner of a farm in Knox county, and that a railroad which the defendant now owns and operates is located thereon, cutting off twenty-four acres of land from the remainder of the farm.

For a cause of action against the defendant it was averred that at the time the railroad was constructed, to-wit, in January, 1887, the plaintiff Margaret Sheridan, and Martin Sheridan, her husband, executed and delivered to the Chicago, Santa Fe and California Railroad Company, an Iowa corporation, a deed conveying a right of way for the railroad through the farm, which railroad was afterwards constructed by said company; that, in consideration of the deed, the Iowa company agreed to construct a suitable farm crossing, where the road passed through the farm, at such point as the plaintiffs might thereafter indicate; that in pursuance of this agreement the railroad company took possession of the strip of ground and constructed its railroad thereon; that afterwards this company sold and transferred its interest in the railroad to another railroad company having the same corporate name, but which was organized under the laws of the state of Illinois, the latter company assuming all liabilities of the former; and that subsequently the Illinois company sold and transferred its interest in the road to the defendant corporation, which in turn assumed all liabilities of its vendor. It was then alleged that the defendant, although often requested, had failed and refused to construct a farm crossing for plaintiffs' use, as the Chicago and Santa

Fe Railroad Company had agreed to do, to plaintiffs' damage, etc.

The second count alleged the ownership and operation of the railroad by the defendant for the past five years, and a failure on its part to construct a farm crossing along the railroad, where it passed through the plaintiffs' farm, although the plaintiffs had often requested it so to do, and that by reason of this the plaintiffs had to a great extent been deprived of the use of the twenty-four acres of land, to their damage in the sum of $500.

The court sustained a general demurrer to the second count, and on a trial of the first count it instructed the jury to return a verdict for the defendant. The plaintiffs have appealed.

The action of the court in directing a verdict for the defendant on the first count in the petition must be sustained, and its judgment thereon affirmed. The alleged agreement on the part of the Chicago, Santa Fe and California Railroad Company, of Iowa, to construct a farm crossing for plaintiffs was not incorporated in the plaintiffs' deed conveying the right of way. The conveyance was without conditions or restrictions. The plaintiffs read in evidence a deed from the Iowa company to the Illinois company conveying the railroad and its appurtenances, in which deed the latter company agreed to pay all existing liabilities of the former company. But there is nothing in the record having the least tendency to show in what manner or upon what terms the defendant acquired the property. Hence we cannot conceive upon what principle the defendant can be held. *Cook v. Railroad*, 36 Wis. 45. The mere fact that defendant operated the road, and that is the extent to which the evidence goes, proves nothing in support of its alleged liability.

The demurrer to the second count was improperly sustained. It was alleged that the defendant had been operating the railroad in question for five years, and that it had failed to construct a farm crossing where the road ran through the plaintiffs' farm. The statute imposed on the defendant this duty, and, if it failed to perform it, the plaintiff had the right under the statute to construct the crossing and sue and recover from the defendant its cost. Section 2611 of the Revised Statutes of 1889. But this statutory remedy is not exclusive, and it has been so held both by this court and the supreme court. In the case of *Baker v. Railroad*, 57 Mo. 265, the plaintiff sought to eject the defendant from the possession of its road bed through the plaintiffs' farm. It appeared at the trial that the plaintiff had executed a deed to the defendant for the right of way through his land upon the conditions, therein expressed, that the defendant should comply with the law in reference to fencing its road and constructing farm crossings and cattle guards. This deed was delivered to the agent of the company upon the condition, however, that it was not to be delivered to the company until the conditions had been complied with. The defendant was permitted to go on the land and to construct its roadbed. The court held that under such a state of facts ejectment could not be maintained. It was stated that the plaintiff could either sue for specific performance of the agreement, *or bring an action at law for damages for its breach, or he might construct the fences and crossings himself and compel the defendant to reimburse him.* To the same effect are the decisions of this court in *Carpenter v. Railroad*, 20 Mo. App. 644; *Buttles v. Railroad*, 43 Mo. App. 280.

The demurrer is a part of the record proper and the action of the court thereon is not a matter of excep-

tion, and such action is properly before us for review. *State to use v. Finn*, 19 Mo. App. 560; *Bateson v. Clark*, 37 Mo. 31; *State to use v. Matson*, 38 Mo. 489; *Peltz v. Eichele*, 62 Mo. 171; *State ex rel. v. Griffith*, 63 Mo. 548.

The judgment of the circuit court will be reversed and the cause remanded for further proceedings under the second count of the plaintiff's petition. All the judges concur.