W. S. MADISON, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, January 28, 1895.

1. **Railroads:** FARM CROSSINGS: STATUTE. Section 2611, Revised Statutes, 1889, imposes upon railroads the duty to construct and maintain farm crossings in good condition.

2. **Contributory Negligence:** KNOWING DANGER. The fact that an injured party knew that a farm crossing was defective will not preclude a recovery by him for injuries received while exercising ordinary care, unless he knew his crossing at the time would necessarily be attended with danger.

3. ——: ——. If plaintiff knew of a defective condition of the crossing and that it was dangerous to attempt to pass over it with his load but still made the attempt, he assumed the risk himself and his recovery is barred.

4. ——: ——. Plaintiff's knowledge of the defect in the crossing is, however, entitled to consideration as bearing on the issue of his own negligence, but it is not decisive of that issue.

5. **Railroads:** FARM CROSSINGS: WAIVER. A land owner, where the railroad passes through his farm, may waive the right to have fences, etc., and so he may in like manner temporarily or *in toto* dispense with farm crossings.

6. **Pleadings:** GENERAL DENIAL: DEFENSE. Under a general denial, the defendant may prove any fact which goes to show plaintiff never had a cause of action.

7. **Trial Practice:** PLEADING: EVIDENCE: INSTRUCTION. If plaintiff without objection permits defendant to introduce evidence inadmissible under the pleadings, he can not object to an instruction submitting the issue so raised to the jury.

8. **Damages:** MEASURE FOR MEDICAL SERVICES. Damages for medical services in a personal injury case should not be allowed, except upon proof, and an instruction submitting such damages without evidence is error.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Elijah Robinson* for appellant.

(1) The statute did not impose on defendant the duty of constructing and maintaining a crossing at the point where accident occurred. R. S. 1889, sec. 2611. The demurrer to the evidence should, therefore, have been sustained. (2) The court committed error in refusing defendant's instruction number 6. If the plaintiff knew of the defective condition of the crossing and the danger of attempting to pass over it with his load of hay, he could not, in the exercise of ordinary prudence, proceed and take the chances; and by doing so he assumed the risk. *Horton v. Ipswich*, 12 Cush. 448; *Wilson v. Charlestown*, 8 Allen, 138; *Farnum v. Concord*, 2 N. H. 394; *Falsom v. Underhill*, 36 Vt. 580; *Belton v. Baxter*, 54 N. Y. 245; *Bunker v. Covington*, 69 Ind. 33; *Schaefler v. Sandusky*, 33 Ohio St. 246; *Corbett v. Leavenworth*, 27 Kan. 673. (3) For the

same reason above stated the court committed error in refusing defendant's instruction number 7. (4) The court also committed error in refusing defendant's instruction number 8. If defendant was guilty of negligence it was by reason of having failed to discharge a duty imposed by law. 16 Am. and Eng. Encyclopedia of Law, sec. 8, p. 415, and cases there cited. To entitle plaintiff to take advantage of such failure, the duty must have been owing to him. *Mann v. Railroad*, 86 Mo. 347; 16 Am. and Eng. Encyclopedia of Law, sec. 7, p. 411, and authorities there cited. Defendant was under no obligation to plaintiff to fix the crossing for his use till such time as he desired to use it; and this is especially true in view of the arrangement between plaintiff and the section foreman. It was proper both under the general issue, and also under the plea of contributory negligence contained in defendant's answer. It was based on the evidence in the case, and this evidence was admitted without objection. (5) The damages assessed were excessive. A careful examination of all the evidence will disclose the fact that plaintiff's injuries were not of a serious nature.

*Hollis & Lithgow* for respondent.

(1) Defendant's instruction 6 was properly refused, because there was no evidence upon which to base it. *Miller v. Railroad*, 90 Mo. 389; *Bank v. Overall*, 90 Mo. 410; *Conway v. Railroad*, 24 App. 235. (2) Defendant's instruction 7 was properly refused, because knowledge of the defective condition of the crossing is no bar to plaintiff's right of recovery if he was using ordinary care in crossing. *Smith v. St. Joseph*, 45 Mo. 446; *Buesching v. St. Louis*, 73 Mo. 231; *Loewer v. Sedalia*, 77 Mo. 444; *Maus v. Springfield*, 101 Mo.

613. (3) Defendant's instruction 8 was properly refused, because the only theory upon which it could have been given was on the ground that plaintiff had misled the defendant in regard to fixing the crossing, hence was estopped from charging it with negligence in not doing so. The principle embodied in this instruction would have been inconsistent with defendant's theory as pleaded in its answer. Instructions must be predicated upon the issues made by the pleadings. *Vanhouser v. Berghoff*, 90 Mo. 487. (4) Defendant recognized its duty under the statute of this state to erect and maintain the farm crossing; for it put it in, and as the section foreman says, "Where the owner of the farm wanted it." It also tore it out and attempted to replace it in a reasonably safe condition for use as a farm crossing. *Sheridan v. Railroad*, 56 Mo. App. 68; *Smith v. Railroad*, 25 Mo. App. 113; *Langkop v, Railroad*, 55 Mo. App. 611, and cases cited; *Ferris v. Railroad*, 30 Mo. App. 122; *Summers v. Railroad*, 29 Mo. App. 41. (5) The damages are not excessive; the injury is of a serious nature.

SMITH, P. J.—This is an action to recover damages for personal injuries. There was a trial and judgment for plaintiff for $2,500, and to reverse which defendant has appealed. The errors complained of arise out of the action of the trial court in the giving and refusing of instructions.

The defendant objects that the court erred in refusing to direct the jury that under the pleadings and evidence the plaintiff was not entitled to recover. The specific ground of the demurrer urged is that the statute did not impose upon defendant the duty of constructing and maintaining a crossing at the place where the injury occurred. It appears that a Mr. Franklin owns the farm through which defendant's railway

passes and over which the latter had, for the use of the former, many years since, constructed a necessary farm crossing. There was some change made in the grade, of defendant's roadbed, which necessitated the taking out the crossing. This was subsequently replaced by another, but it is contended by the plaintiff, who was a tenant of Franklin, that it was of negligent construction and that in consequence thereof, while passing over it with a wagon loaded with hay, and on which he was riding, the wagon was turned over, whereby he received the personal injuries of which he complains. If the statute requires a railroad company to erect and maintain farm crossings at all, then it required the defendant to erect and maintain that at which plaintiff alleges he was injured. But the defendant contends that the statute imposes no such duty. This contention must be settled by a construction of the statute to which we may now turn our attention.

Section 2611, Revised Statutes, requires every railroad in this state "to erect and maintain lawful fences on the sides of the road when the same passes through, along or adjoining inclosed or cultivated lands, with openings and gates therein, to be hung and have latches or hooks so that they may be easily opened and shut at all necessary farm crossings of the road for the use of the proprietors or owners of the land adjoining such railroad, * * * and until fences, openings, gates and farm crossings * * * shall be made and maintained, such corporation shall be liable," etc. etc. "After such fences, gates, farm crossings, * * * shall be made and maintained, said corporation shall not be liable," etc. "If any corporation aforesaid shall, after three months from the time of the completion of its road through or along the lands, fields or inclosures hereinbefore named, fail, neglect or refuse to erect or maintain in good condition any fence, openings, farm

crossings, * * * then the owners or proprietors of said lands, fields or inclosures may erect or repair'' the same, etc. The section further provides that it shall be a penal offense for any person to ride, lead or drive any horses or other animals upon such road within such fences, other than at farm crossings, without the consent of the corporation, etc.

By the terms employed in the first clause of the section quoted, it does not appear that the duty to erect and maintain "farm crossings" is expressly required, but it will be seen by reference to a further quoted clause, that for a failure to erect and maintain "farm crossings," a certain liability is incurred. When we consider these two clauses, together with the penal clause just referred to, the conclusion can not be resisted that the duty to erect and maintain the crossings is imposed, by implication at least. The terms of this statute clearly evince such to be the legislative intent. It is susceptible of no other reasonable construction. A contrary construction would, in many material particulars, render the statute inoperative. We are of the opinion the statute imposed the duty to construct and maintain the crossing· in good condition. This accords with the ruling made by the St. Louis court of appeals in *Sheridan v. Railroad*, 56 Mo. App. 68.

The defendant next objects that the court erred in in its refusal to give defendant's sixth instruction which, in effect, directed the jury that if plaintiff, before undertaking to pass the crossing with his load of hay, was aware of the condition of the same and the difficulty and danger in crossing there, in undertaking it, he assumed all the risk. The plaintiff insists there was no error in this, because knowledge of the defective condition of the crossing will not preclude a recovery by him, if he was exercising ordinary care while driv-

ing his wagon over it. This insistence of plaintiff has the support of the following adjudged case in this state: *Smith v. St. Joseph*, 45 Mo. 449; *Buesching v. S. Louis*, 73 Mo. 231; *Loewer v. Sedalia*, 77 Mo. 444; *Maus v. Springfield*, 101 Mo. 613. It is true the evidence tends to prove that plaintiff was aware of the condition of the crossing, but there is no evidence that he knew the driving of his wagon and team over the same would necessarily be attended *with danger*. He testified that "it looked like a person could cross there," and that he "thought it would be a little better if it had plank on the inside" of the rails as well as on the outside. He had crossed there with an empty wagon many times, after the new crossing had been constructed, in going to and from the meadow. There were planks on the outside of the rails and the space between them was filled up with coal cinders to within an inch and a half of the top. There is no evidence that there was anything in the appearance of the crossing to warn plaintiff that it was dangerous to attempt to drive a loaded wagon over it.

Of course, if the plaintiff knew of the defective condition of the crossing and that it was dangerous to attempt to pass over it with his load of hay, and with such knowledge attempted the passage, he was guilty of such imprudence as would bar a recovery. In such case, he assumed the risk himself. He could not visit the consequences of his own foolhardiness on the defendant. *Horton v. Ipswich*, 12 Cush. 484; *Wilson v. Charlestown*, 8 Allen, 137; *Farnum v. Concord*, 2 N. H. 349; *Falsom v. Underhill*, 36 Vt. 580; *Belton v. Baxter*, 54 N. Y. 245; *Bunker v. Covington*, 69 Ind. 33; *Schaefler v. Sandusky*, 33 Ohio St. 246; *Corbett v. Leavenworth*, 27 Kan. 673. But this principle is inapplicable here, as has already been intimated, for the reason that there is no evidence that the plaintiff was aware of the danger incident to an attempt by him to drive his

loaded wagon over the crossing. The defendant's instruction, submitting the case to the jury upon that theory, was, therefore, properly refused.

The defendant further contends that the court should have given its seventh instruction, which, in substance, told the jury if the plaintiff knew of the defective condition of the crossing, and, with such knowledge, attempted to drive his loaded wagon over the same, he was not entitled to recover. As has already been stated in the previous paragraph, the mere fact that the plaintiff knew that the crossing was defective would not preclude recovery, unless the defect was of such nature as to render its use necessarily dangerous to a person ordinarily careful. His knowledge of the defect was entitled to consideration, as bearing on the issue of his own negligence, but it was not decisive of that issue. The defendant's instructions was, therefore, properly refused.

The defendant's further contention is that the court improperly refused an instruction asked by it, which directed the jury that "if the plaintiff was informed by defendant's section foreman that if he '(plaintiff) would inform him (the section foreman) when he got ready to haul hay, he would put planks on the inside of the rails at the crossing, and that plaintiff did not inform him (the section foreman) when he got ready to haul his hay, but proceeded to haul it, and undertook to cross said track in the condition in which it was then, he could not recover." It is not seriously controverted that this instruction does not state a correct proposition of law. It is the well settled law that where a railroad passes through the inclosed fields of the landowner, he may, as far as he is concerned, waive the right to have the fences inclosing the right of way through his lands, and the gates therein at farm crossings, which the statute requires the railroad company,

operating the road, to erect and maintain in good condition. The adjoining landowner and the railroad company may make an arrangement by which the latter is relieved from the performance of this statutory duty, as to the former. Thornton, Railroad Fences and Crossings, secs. 131, 286; *Berry v. Railroad,* 65 Mo. 172; *Harrington v. Railroad,* 71 Mo. 384; *Johnson v. Railroad,* 80 Mo. 620; *Peddicord v. Railroad,* 85 Mo. 160. And no valid reason is perceived why he may not, in like manner, temporarily, or *in toto,* dispense with the construction of the farm crossing, to which he is also entitled under the same statute. If he can waive the one, why not the other?

The ground of objection upon which the instruction was refused, as appears from the memorandum of the judge who tried the case and signed the bill of exceptions, was that it was not authorized by the pleadings. The petition alleged that it was the duty of defendant to maintain the crossing in a reasonably safe condition, and that this it had neglected to do, in consequence of which plaintiff received the injuries for which he sued. This allegation the answer met with a general denial. The plaintiff contends that the facts embraced in the assumption of this instruction should have been specially pleaded; that its theory is that of an estoppel, and that such a theory is inadmissible in the case under the general denial. It is to be observed that evidence was admitted without objection, which tended to show the facts upon which the instruction is based.

The defense set up is not the termination by subsequent occurrences of a once subsisting cause of action, but it is a denial that any cause of action ever came into existence in consequence of the arrangement which the evidence tends to show was entered into between plaintiff and defendant. The answer does not confess and avoid, but denies that the defendant owed

the plaintiff the duty for the breach of which the action is brought. As said in *Stewart v. Goodrich*, 9 Mo. App. 125: "Where, to prove a negative, the defendant has to prove something else, that something else is merely a means of proving the negative." The facts introduced in evidence in this case, as in that, under the defendant's general denial, were not new matter constituting a defense, but tend to disprove the allegations of the petition. The evidence proved that the defendant did not owe the plaintiff the alleged duty at the time of the injury, or, in other words, that that the defendant had been relieved of that duty by the arrangement then subsisting between plaintiff and defendant. The tendency of the evidence was to show that the alleged duty was suspended and not owing to the plaintiff at the time of the injury. Under the general denial, the defendant might prove any fact which went to show plaintiff never had a cause of action against him. It seems to us defendant's proof included a fact within the terms of the allegations necessary to support plaintiff's case. *White v. Middleworth*, 42 Mo. App. 368; *Higgins v. Cartwright*, 25 Mo. App. 609; *Hoffman v. Parry*, 23 Mo. App. 20; *Crone v. Dawson*, 19 Mo. App. 214; *Turner v. Thomas*, 10 Mo. App., 338; *Greenway v. James*, 34 Mo. 326; *Corby v. Weddle*, 57 Mo. 452; *Young v. Glasscock*, 79 Mo. 574; *Springer v. Kleisorge*, 83 Mo. 152; *Northrup v. Ins. Co.*, 47 Mo. 435.

But, were the rule otherwise, the evidence of defendant was admitted on the trial without objection, as already stated, as if competent under the general denial, or as if specially pleaded. Such being the case, the instruction based upon the issue made at the trial by the conduct of the parties should, we think, have been given, even if the trial court did hold the defense was not sufficiently pleaded, since there was no question of

surprise. If the plaintiff desired to have saved the point, he should have objected to the evidence. The question of pleading was waived by the failure to object to the evidence, and the defendant had a right to have the case put to the jury on the theory on which, by consent of plaintiff, it had been tried; that is, on the theory that this defense was not new matter and was sufficiently set up by a general denial. *Stewart v. Goodrich, supra.*

The defendant further complains that the damages are excessive. The instructions of the plaintiff in relation to the measure of damages, to the giving of which defendant duly excepted, advised the jury that in estimating the damages they might take into consideration only the nature and extent of plaintiff's injuries, his bodily pain and suffering, if any, his expenses for medicines, and surgical treatment; also, whether his injuries were permanent, and if so, what, if any, disability he would necessarily suffer in the future by reason of his injuries, etc.

The criticism to which this instruction is subject is that it authorizes the jury to find what expenses, if any, the plaintiff had incurred for medicines, when there *is no evidence* in the record that he ever incurred any expense whatever on that account. In vain have we searched the record for evidence to justify a submission to the consideration of the jury of this item of damages. The jury had no basis upon which to form an estimate of the damages on that account. Such damages could not be allowed except upon proof. Damages of this kind were susceptible of proof with approximate accuracy and should not have been left to the conjecture of the jury. We can not tell to what extent the verdict may have been influenced by the vague estimates the jury may have placed upon the values concerning which there was no proof. So that

we can not say that the defendant was not prejudiced by the plaintiff's erroneous instruction in relation to the elements of damages which it told the jury to consider. *Duke v. Railroad*, 99 Mo. 347; *Barr v. Kansas City*, 105 Mo. 550; *Schmitz v. Railroad*, 46 Mo. App. 380; *Rhodes v. Nevada*, 47 Mo. App. 499; *Culberson v. Railroad*, 50 Mo. App., 556; Shearman & Redfield on Neg., sec. 759.

It follows from these considerations that the judgment of the circuit court must be reversed and cause remanded.