Wood v. Kelly.

---

J. W. WOOD, Respondent, v. FRANK E. KELLY, Appellant.

Kansas City Court of Appeals, February 5, 1900.

1. **Appellate Practice:** ABSTRACT: INSTRUCTION WITHOUT EVIDENCE. The appellate court does not consider an objection to an instruction based on the ground that it is unauthorized by the evidence unless all the evidence is set out in the abstract, but will presume that there was sufficient evidence to warrant the instruction.

2. **Damages:** INSTRUCTION: DUTY OF DEFENDANT. If plaintiff's instruction relating to the measure of damages is general and indefinite, the defendant should ask an instruction limiting and particularizing the elements, otherwise he can not object to plaintiff's instruction.

3. **Trial Practice:** INSTRUCTION: EVIDENCE. It is not error to refuse an instruction when there is no evidence to support it.

Wood v. Kelly.

Appeal from the Vernon Circuit Court.—*Hon. J. M. Hull,* Judge.

AFFIRMED.

*J. B. Journey* for appellant.

(1) The defendants' theory of this case is that if their hogs escaped from their hog pasture and trespassed on plaintiff's premises it must have been by reason of the bad condition of that portion of this agreed partition fence between plaintiff's potato patch and defendants' hog pasture. If defendants' hogs did trespass as claimed by plaintiff they must necessarily have gone through this fence somewhere. It is also admitted that the stock law was in force in this county at the time of this alleged trespass. Hopkins v. Ott, 57 Mo. App. 292; Field v. Bogie, 72 Mo. App. 186. (2) The court erred in failing to instruct the jury as to the proper measure of damages. See plaintiff's instructions number 2. Matney v. Grain Co., 19 Mo. App. 107-112; Wilburn v. Railway, 36 Mo. App. 215, and cases cited thereunder; Kick v. Doerste, 45 Mo. App. 140, and cases cited thereunder; Jacquin v. Cable Co., 57 Mo. App. 335; Schaub v. Railway, 106 Mo. 74; Goss v. Railway, 50 Mo. App. 614; Buttles v. Railway, 43 Mo. App. 280; Morrison v. Yancey, 23 Mo. App. 670.

*Scott & Bowker* for respondent.

(1) Where all the evidence is not set out in appellant's abstract or bill of exceptions, the appellate court will not consider errors complained of in the giving or refusing of instructions. Carpenter v. McDavitt, 53 Mo. App. 393; Aultman & Co. v. Smith, 52 Mo. App. 351; Deering v. Collins, 38 Mo. App. 80; Sage v. Tucker, 51 Mo. App. 336; Lindsey v. Dixon, 52 Mo. App. 291; Ewart v. Tootle, 50 Mo. App. 322; Meriwether v. Howe, 48 Mo. App. 148; Christopher v. White,

42 Mo. App. 428. (2) If plaintiff's instruction on the measure of damages is general, it devolves upon the defendant to ask an instruction limiting it and particularizing the elements, if he wishes to do so. Overruling Schaub v. Railroad, 106 Mo. 93; and Goss v. Railroad, 50 Mo. App. 623, cited by appellant. Haymaker et al. v. Adams et al., 61 Mo. App. 581; Rose v. McCook, 70 Mo. App. 183.

SMITH, P. J.—The plaintiff's growing crop of potatoes was "rooted up" and destroyed by the defendants' trespassing hogs; and on account of which the former sued the latter for damages before a justice of the peace. The case was by appeal removed to the circuit court, where plaintiff had judgment and defendants appealed here.

The defendants now question the propriety of the action of the trial court in giving the jury a peremptory instruction to find for the plaintiff nominal damages on the ground that there was no evidence to warrant the giving of the same. The plaintiff insists that the evidence preserved by the bill of exceptions is ample to justify the giving of said instruction, and that such evidence has not been presented by the defendants' abstract. We would not heed the plaintiff's insistance, since if he was dissatisfied with the defendants' abstract he could have filed a counter-abstract, and thus presented the whole evidence, were it not for the fact that the defendants confess that their abstract does not present all the evidence. Defendants in their supplementary brief say there were twelve witnesses for plaintiff and fourteen for defendants, whose testimony covers eighty-seven closely typewritten pages of the bill of exceptions, and that in their opinion the testimony of none of these witnesses, except that of the four set forth in their abstract, bear on any question presented to us for decision.

But the plaintiff is of the contrary opinion, and such being the case we are unable to determine the issue thus made

unless the entire evidence was presented to us by the abstract. Unless the parties had stipulated, or in some way conceded, that the omitted evidence had no bearing in the case, it should have been abstracted. It was the defendants' duty to present a complete abstract of the evidence, and the mere fact that they deemed that a part thereof had no bearing on any question arising on the appeal will not suffice as an excuse for their dereliction. If the plaintiff did not agree to the omission and did not file a counter-abstract, then the defendants must suffer the consequence of their neglect. We have repeatedly ruled that where the abstract does not present all the evidence we will not consider an objection to an instruction based on the ground that it is unauthorized by the evidence. Christopher v. White, 42 Mo. App. 428; Meriwether v. Howe, 48 Mo. App. 148; Goodson v. Railway, 23 Mo. App. 77; Lindsey v. Dixon, 52 Mo. App. 291. And in such case we will presume that the evidence before the court was sufficient to justify the giving of the instruction.

The defendants further object that the second instruction given by the court for the plaintiff which related to the measure of damages was erroneous. This instruction, in effect, told the jury that, if it found for the plaintiff to assess his "damages at such sum as they believed from the evidence he had sustained, not to exceed the amount claimed in his statement." The objection is that it is too general and does not specify the elements of damages which the jury was authorized to consider. The plaintiff was entitled to recover the full value of his growing crop of potatoes as if fully matured and gathered, and in arriving at such value at the time of the destruction, the cost of the additional cultivation, if any was needed, the expense of gathering and fitting for the market should be considered by the jury. Buttles v. Railway, 43 Mo. App. 280.

If the defendants had desired that the attention of the jury be called by the court to the rule just indicated, he should

have asked a supplementary instruction therein embodying the same, but having failed to do so, the defendants' objection is not available here as a ground of reversal: Browning v. Railway, 124 Mo. 55; Haymaker v. Adams, 61 Mo. App. 581; Rose v. McCook, 70 Mo. App. 183.

The court refused the defendants' first instruction which told the jury that if the defendants' hogs escaped from their hog pasture through the plaintiff's portion of the partition fence between their hog pasture and plaintiff's premises, and trespassed upon plaintiff's premises in consequence of the bad condition of that part of the said partition fence, the defendants were not liable. Although the refusal of this instruction is assigned as error, we have been unable to discover any evidence tending to prove that the defendants' hogs escaped through that part of the partition fence which it was plaintiff's duty to keep in repair. There is, however, some slight evidence tending to show that the defendants' hogs escaped from their barn lot through the partition fence between it and the plaintiff's premises. The plaintiff had not obligated himself to keep any part of said partition fence in repair except that part between the defendants' hog pasture and the plaintiff's premises. The defendants' instruction was therefore properly refused.

The judgment must accordingly be affirmed. All concur.