CASEY, Respondent, v. ST. LOUIS & SAN
  FRANCISCO RAILROAD COMPANY,
  Appellant.

St. Louis Court of Appeals, March 3, 1908.

DAMAGES: Growing Crop: Measure of Damages.   In an action against a railroad company for damages to the plaintiff's meadow inflicted by stock on account of the defendants failure to fence its right of way, where it was shown that the meadow did not produce any crop the next spring, but yielded a good crop the second season thereafter, this was not an injury to the inherit-ance and the measure of damages was the reasonable value of the crop destroyed.

Appeal from Wayne Circuit Court.—*Hon. Joseph J.
  Williams,* Judge.

REVERSED AND REMANDED.

*L. F. Parker, W. F. Evans* and *James Orchard* for appellant.

The court erred in permitting the plaintiff to prove the relative value of the land upon which the meadow was growing just before and just after the. stock had trampled on the same, as the injury was not permanent. He says his meadow made nothing that spring, but came out the next spring and he had a good stand.   In such cases the measure of damages is not the damage to the freehold, but is the value of the meadow at the time of the injury.   Buttless v. Railroad, 43 Mo. App. 280.

*V. V. Ing* for respondent.

The injury to the land and meadow in this case is an injury to the inheritance, and not merely an injury to personal property as was the case in Buttles v. Railroad, 43 Mo. App. 280, cited by appellant.

GOODE, J.—This is an action instituted before a justice of the peace to recover damages for injuries done to a cornstalk pasture consisting of twenty-two acres and plaintiff's growing meadow and fruit trees.   The damages are laid at fifty dollars and double damages prayed.   The cause of action is based on the omission of defendant to maintain fencing on its right of way as required by statute, on account of which failure it is alleged that on divers days from March 26, 1904, to January, 1905, horses, mules and other cattle escaped from the railroad right of way onto plaintiff's cultivated fields and inflicted the injury alleged.   According to, plaintiff's testimony he had some twenty-odd acres in cornstalk pasture in 1904.   He had gathered the crop of corn but the stalks were still standing on the field and were worth, he stated, $25.   Besides he had some twenty or more acres of meadow.   The incursions of cattle began in November and continued through the remainder of the year 1904.   Plaintiff swore the stock

ate his pasture and trampled the meadow. The court adopted as the measure of damages for the injury to the meadow the relative value of the land immediately before and after the injury; on the theory that the damage was to the inheritance and not merely to the growing crops. This measure of damages would have been correct if the injury had been to the inheritance; but the positive testimony of plaintiff himself shows it was not. He testified the meadow, in consequence of the trampling, did not come out or make anything the next spring, but that it did grow the second season thereafter and yielded a good stand. This proves the inheritance was not damaged, as the stand of grass on the meadow, instead of being killed, was merely prevented from producing a crop the next season after the cattle ran over it. This being true, the measure of damage was the reasonable value of the pasturage lost by the plaintiff—the rule prescribed in Buttles v. Railroad, 43 Mo. App. 280.

The judgment is reversed and the cause remanded. All concur.